## OIL AND PRODUCTS OF OIL IN CERTAIN PITS IN GREGG COUNTY et. al. v. STATE.

### No. 8675.

Court of Civil Appeals of Texas. Austin.

June 8, 1938.

Culbertson & Morgan, of Fort Worth, for appellants.

Wm. McCraw, Atty. Gen., and Wm. C. Davis, Asst. Atty. Gen., for the State.

BAUGH, Justice.

Appeal is from a judgment of the trial court overruling the plea of privilege of Bill Gary to be sued in Gregg County, Texas, the county of his residence.

This is a suit in rem filed by the State under the provisions of Vernon's Ann.Civ. St. Article 6066a, Sec. 10(b), to confiscate certain oil located in Gregg County, alleged to be illegal oil; and against Bill Gary as claiming an interest therein. The statute above cited authorizing this action provides that it may be brought either in Travis County, or in the county where such property is located.

The State duly controverted Gary's plea of privilege, and after a hearing thereon same was overruled.

On the hearing on the plea the State introduced only its petition in evidence. The contention is made that the plea should have been sustained because the State made no proof of any of the allegations of fact contained in its petition.

█ This contention is not sustained. The rule is now well settled, beginning with, and as announced in, Yates v. State, Tex.Civ.App., 3 S.W.2d 114, and repeatedly reaffirmed since then, that where venue in an action is fixed by statute, and a plea of privilege is filed, the court may look to the petition to determine the character of the cause of action, and whether or not the suit as brought comes within its pro-visions. As stated in the syllabus of Schoellkopf Company v. Daves, Tex.Civ. App., 71 S.W.2d 340, "where venue is fixed by statute, question of whether suit may be maintained in given county is one of law, and a formal plea of privilege tenders no issue of fact in absence of allegation that nature of suit was fraudulently or falsely characterized to show local venue."

█ Under the undisputed facts and circumstances of the instant case therefore, the provisions of the statute above cited, and the State's pleadings in this cause, no issue of fact was presented and none necessary to be proved. The issue as to whether the suit was properly laid in Travis County was consequently a matter of law for the trial court to determine, and the State's general demurrer to Gary's plea of privilege should have been sustained. See, also, to same effect, the following: McCook v. Amarada Petroleum Corp., Tex. Civ.App., 73 S.W.2d 914; Houston Printing Co. v. Tennant, Tex.Civ.App., 76 S.W. 2d 762; Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300.

It follows, therefore, that from the rule announced in the above cases, and under the undisputed record presented, the judgment of the trial court should be affirmed.

Affirmed.