### HEARD et al. v. STATE et al.
### No. 3770.

Court of Civil Appeals of Texas. Beaumont. Feb. 13, 1941.

Rehearing Denied March 12, 1941.

Geo. D. Neal, Sears, Blades, Moore & Kennerly, and Hunt & Lawler, all of Houston, and J. Turner Vance, of Refugio, for appellants.

Harry Shuford, Peter Maniscalco, and D. D. Mahon, Asst. Attys. Gen., Gerald C. Mann, Atty. Gen., Jas. Noel and R. E. Kepke, Asst. Attys. Gen., and Terrell, Davis, Hall & Clemens, of San Antonio, for appellees.

COMBS, Justice.

This is an appeal from an order overruling appellants' pleas of privilege. It was appealed to the Austin Court of Civil Appeals and is before us on transfer by the Supreme Court.

Appellees, the State of Texas and the Town of Refugio, Texas, joined as plaintiffs in instituting this suit in the District Court of Travis County. The petition was in the form of trespass to try title wherein the plaintiffs claim to be the owners and

entitled to the possession of certain lands a part of the Mission River bed in Refugio County, Texas. The Town of Refugio claims an undivided interest in the land with the State, the amount of which is to be determined. See Heard v. Town of Refugio, 129 Tex. 349, 103 S.W.2d 728. The appellants as defendants filed separate pleas of privilege invoking the provisions of Subdivision 14 of Art. 1995, Vernon's Ann.Civ.Stat., which fixes the venue of suits for the recovery of lands in the county in which the land, or a part thereof, may lie. The trial court overruled the several pleas of privilege and the defendants have appealed.

### Opinion

A question is raised that the State did not controvert the plea of privilege of one of the defendants within the time allowed by statute. However, this point is immaterial in view of the fact that this case is to be determined by the pleadings, as will hereinafter appear.

The only material question to be decided here is the sufficiency of plaintiffs' petition to invoke the provisions of Art. 5420, Vernon's Ann.Civ.Stat. which, prior to a recent amendment, fixed concurrent venue in Travis County of suits instituted by the Attorney General to recover "public lands" occupied or claimed adversely to the State. This article was amended by the Acts of 1939, Vernon's Ann.Civ.St. Tex. art. 5420, so as to require such suits to be filed in the county where the land is situated. But the present suit was pending at the time of the amendment and is not affected by it.

Venue of suits under Art. 5420, as it existed prior to the amendment, is to be determined by the character of the action as disclosed by the allegations of the petition. The petition being sufficient on its face to show that the suit is for the recovery of public lands or lands belonging to any fund of the State fixes the venue in Travis County. Yates v. State, Tex.Civ. App., 3 S.W.2d 114, 115. This proposition is conceded by appellants. But they contend that the State's petition in this case nowhere alleged that the land sued for is "public lands" or that it belongs to any

"fund" of the State; and that since a mere conclusion of the pleader cannot change or enlarge the legal effect of the facts alleged (Blaisdell, Jr., Co. v. Citizens' Nat. Bank, 96 Tex. 626, 75 S.W. 292, 62 L.R.A. 968, 97 Am.St.Rep. 944) the plaintiffs' "legal conclusion" that the State is "owner" of the land sued for was insufficient to bring the case under Art. 5420 as a suit for "public lands."

It is true that plaintiffs' petition nowhere used the term *public lands* or referred to the lands sued for as belonging to the school fund or any fund of the State. Nevertheless, we think the petition on its face did allege facts which were sufficient, when given their legal effect, to show that the nature of the suit was one for the recovery of public lands and damages thereto. The petition alleged that plaintiffs are "the owners in fee simple" of the land described and that their possession thereof was ousted January 2, 1937, by the unlawful entry of the defendants, who withhold plaintiff's possession to their damage, etc. The description of the lands sued for describes each of the two tracts as being a portion of the Mission River bed. The field notes set forth in the pleading show that the lines cross and re-cross the river and enclose part of the Mission River bed in Refugio County, Texas.

By the terms of the statute, Art. 4026, Vernon's Ann.Civ.Stat. the public rivers, "together with their beds and bottoms", are the property of the State. See Heard v. Town of Refugio, 129 Tex. 349, 103 S.W. 2d 728. The statute which makes the bed of the Mission River the property of the people of this State—and hence public land—is as much a part of plaintiffs' petition as though it had been alleged therein. To have pleaded that the part of the Mission River bed sued for as belonging to the State was "public land" could have added nothing which was not fully disclosed by the legal effect of the facts alleged. The character of the action as being a suit brought by the Attorney General for the recovery of public lands was apparent upon the face of the petition and the trial court properly overruled the pleas of privilege.

Judgment affirmed.