Harry HARRINGTON, Jr., et al., Appellants,

v.

The STATE of Texas, Appellee.

No. 11059.

Court of Civil Appeals of Texas.

Austin.

Dec. 19, 1962.

Rehearing Denied Jan. 9, 1963.

Wynne, McKenzie, Jaffe & Tinsley, Byron L. Williams, Dallas, for appellants.

Will Wilson, Atty. Gen., Cecil C. Rotsch and Linward Shivers, Asst. Attys. Gen., Austin, for appellee.

HUGHES, Justice.

This appeal is from an order overruling the pleas of privilege filed by Harry Harrington, Jr., Reed H. Allgood, residents of Gregg County, and J. W. Baton, resident of Rusk County, in a suit filed by the State of Texas to recover penalties allegedly due the State for allegedly violating the laws of Texas and the rules and regulations of the Railroad Commission of Texas in drilling, producing and plugging oil wells in Gregg County, Texas.

The State controverted these pleas of privilege by filing affidavits, all similar, from which we quote their substance:

"Plaintiff denies, and here avers to be untrue and false the following allegation of Defendant contained in such plea of privilege:

" 'No exception to exclusive venue in the county of one's residence, provided by law, exists in said cause.'

"As is shown on the face of Plaintiff's Original Petition, this suit is a

civil penalty suit brought under the provisions of the oil and gas conservation laws of this State, and particularly, pursuant to provisions contained in Article 6036, Vernon's Civil Statutes. Article 6036 provides that such civil penalties are:

'to be recovered in any court of competent jurisdiction in Travis County, or in the county of the residence of the Defendant, or, if there be more than one Defendant, in the county of the residence of any of them, or in the county in which the violation is alleged to have occurred, * * *.' "

The only evidence introduced on the venue hearing was the State's Original Petition, which was unamended, and the controverting affidavits.

The position of the State is that this suit being brought under the provisions of Art. 6036, V.A.C.S., which prescribes venue of the actions it authorizes, the venue of this suit lies in Travis County as a matter of law which is determinable solely from the allegations of its petition.

It is the position of appellants that the State was required to plead in its controverting affidavits and to prove on the venue hearing that appellants had violated Art. 6036 in order to establish venue in Travis County.

The solution to the problem presented lies in a proper construction of Art. 6036, the pertinent provisions of which we quote:

"Art. 6036. Penalty

"In addition to being subject to any forfeiture that may be provided for by law and to any penalty that may be imposed by the Commission for contempt for the violation of its rules, regulations, or orders, any person violating any of the provisions of this Act or of Title 102, Revised Civil Statutes of Texas, 1925, as amended, or violating any rule, regulation, or order of the Commission promulgated thereunder,

shall be subject to a penalty of not more than One Thousand Dollars ($1000) for each and every day of such violation, and for each and every act of such violation, to be recovered in any Court of competent jurisdiction in Travis County, or in the county of the residence of the defendant or, if there be more than one defendant, in the county of the residence of any of them, or in the county in which the violation is alleged to have occurred, such suit by direction of the Commission to be instituted and conducted in the name of the State of Texas by the Attorney General or by the county or district attorney where such suit is brought."

Since this suit was filed in Travis County, the only portion of the statute actually to be construed is the following:

" * * * any person violating any of the provisions" of the statute or rule "shall be subject to a penalty * * * to be recovered in any Court of competent jurisdiction in Travis County * * *."

▮ The only manner in which a penalty may be recovered in any court is by suit. We, therefore, interpolate the words "by suit" into this statute so that it reads, in substance, that any person violating any provision of the statute or rules shall be subject to a penalty to be recovered by suit in any court of competent jurisdiction in Travis County.

Clearly, this interpolation is justified since the statute refers to "such suit" being instituted by direction of the Railroad Commission and directs its prosecution by the Attorney General or the county or district attorney "where such suit is brought."

▮ The statute being thus interpreted, it is our opinion that as to any suit filed under it in Travis County venue is determinable solely from the allegations of the petition filed by the State.

Of course, it is not to be inferred from this conclusion that penalties can be assessed against any one who has not been adjudged guilty of violating the statute or rules. The venue of such suit, however, as to Travis County is not dependent, under the statute, upon proof of any extraneous fact. The statute plainly gives to the proper court of Travis County venue of suits brought under it. Whether or not this is such a suit is proved or disproved by an examination of the State's Petition. Perfecto Gas Co. v. State, 228 S.W.2d 918, Austin Civil Appeals. Appellants do not contend that this is not such a suit.

Cases which we believe support our decision are Oil and Products of Oil in Certain Pits in Gregg County v. State, 118 S.W. 2d 618, Austin Civil Appeals, and Heard v. State, 149 S.W.2d 237, Beaumont Civil Appeals.

In the Certain Pits case suit was brought by the State in Travis County under this portion of Art. 6066a, Sec. 10(b):

"When the Attorney General is advised from any source of the presence and existence of unlawful oil and/or unlawful products it shall be his duty to institute a suit in rem against such unlawful oil and/or unlawful product and against all persons owning, claiming or in possession thereof, such suit to be brought in the name of the State of Texas in any court of competent jurisdiction in Travis County or in the county in which such oil or product is located."

A plea of privilege was filed by a defendant and controverted by the State on the venue hearing only the State's Petition was offered in evidence. The Court in sustaining an order overruling the plea of privilege, held:

"Under the undisputed facts and circumstances of the instant case therefore, the provisions of the statute above cited, and the State's pleadings in this cause, no issue of fact was presented

and none necessary to be proved. The issue as to whether the suit was properly laid in Travis County was consequently a matter of law for the trial court to determine, * * *."

In Heard v. State, the State brought suit in Travis County under Art. 5420, V.A.C.S., which at that time (prior to 1939) read as follows:

"When any public lands are held, occupied or claimed by any person, association or corporation adversely to the State, or to any fund, or when lands are forfeited to the State for any cause, the Attorney General shall institute suit therefor, together for rent thereon, and for any damages thereto. For the purposes of this and the preceding article, venue is fixed in Travis County, concurrently with the county of defendant's residence and the county where the land lies."

A plea of privilege was filed by the defendant which was overruled, even though no controverting affidavit was filed. In approving this action the Court held:

"Venue of suits under Art. 5420, as it existed prior to the amendment, is to be determined by the character of the action as disclosed by the allegations of the petition. The petition being sufficient on its face to show that the suit is for the recovery of public lands or lands belonging to any fund of the State fixes the venue in Travis County."

If in these two cases, under the statutes there involved, it was unnecessary to plead or prove any fact other than the nature of the suit as disclosed by the petition, then in this case the necessity for other pleading or proof is obviously not required.

The words "any person violating" in Art. 6036 merely furnish the occasion which authorizes the penalty suit, just as the "existence of unlawful oil" in Art. 6066a, Sec. 10(b), and the situation, "[w]hen any public lands are held, occupied or claimed by

any person", as used in old Art. 5420, furnish the occasions for the suits authorized by the respective statutes. The venue of such suits are, however, not dependent upon proof of the existence of facts which furnished the occasion for the suits.

By way of argument, we also note that Art. 6036 plainly provides that venue may be in the county where "the violation is alleged to have occurred." Since allegations are only found in pleadings, they, and they alone, are the source of proof necessary to sustain venue.

As we read this statute, it also plainly provides that suit for penalties under it may be brought in any county where any defendant resides, without the necessity of pleading or proving on the venue hearing violation of the statutes or rules.

Our construction of the statute is to make uniform the application of the statute to the three venue situations it describes.

Appellants filed a motion to strike the controverting affidavits filed by the State on these grounds:

"Said instrument does not constitute a controverting plea within the meaning of Rule 86, Texas Rules of Civil Procedure, in that same in no way controverts the Plea of Privilege filed by this Defendant or sets out; specifically or otherwise, the grounds relied upon to confer venue of such cause on this Court.

"II.

"In such instrument the Plaintiff does not set out which exception to Article 1995 it relies upon to confer venue on this Court. Neither does Plaintiff allege in such instrument any cause of action and Plaintiff wholly fails to bring its case within any applicable statutes authorizing such suit.

"III.

"In sum and substance, Plaintiff has filed only an instrument which quotes a portion of a statute and tells the Court that 'This suit is a civil penalty suit.' Since this proceeding is of a penal nature, the facts constituting the offense must be averred with the same certainty as would be required in a bill of indictment.

"IV.

"Plaintiff's instrument is definitely not a controverting plea and cannot be made so by merely placing such title on it. Plaintiff has failed to file a controverting plea within ten (10) days after receipt of Defendant's plea of privilege, and therefore, Defendant is entitled to an order sustaining his plea of privilege."

This motion, in our opinion, was properly overruled by the Trial Court. If we are correct in our interpretation of the statute under which this suit was brought, the most that the State was required to allege in its controverting affidavit was the character and nature of suit which it had filed. It made these allegations, and was, in our opinion, entitled to prove such allegations by offering its petition in evidence.

Appellants here place strong reliance upon A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W.2d 619, and one of the principal authorities cited in it, Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, (1935).

The Blanton case was a libel suit and involved Sub. 29, Art. 1995, V.A.C.S. The Compton case involved Sub. 9 of such article, as it then read. Sub. 29 provides an exception to the general rule of venue in libel and slander suits. Sub. 9, provided an exception in suits based on crime and trespass. In neither of these instances was the nature or character of the suit, as disclosed by the petition, solely determinative of the issue of venue. Under those subdivisions additional facts were required to be alleged and proved. These cases are, therefore, not in point here.

It is our opinion that the judgment of the Trial Court is correct and should be affirmed. If we are incorrect in this conclusion, then we would reverse and remand the case. We would not render judgment transferring it. Rules 434, 505, T.R.C.P., Lanford v. Smith, 128 Tex. 373, 99 S.W.2d 593, Buchanan v. Jean, 141 Tex. 401, 172 S.W.2d 688, London Terrace, Inc. v. McAlister, 142 Tex. 608, 180 S.W.2d 619, Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792, Red Arrow Freight Lines v. Cagle, 206 S.W.2d 1019, Waco Civil Appeals.

The judgment of the Trial Court is affirmed.

Affirmed.

RICHARDS, Justice (dissenting).

Since this is the last decision in which I will participate as a member of this Court, it is with regret that I dissent from the majority opinion because of my inability to agree with the legal conclusions and the result reached therein.

In Leonard v. Maxwell, Tex.Civ.App., 356 S.W.2d 335, now pending before the Supreme Court of Texas on writ of error, my dissenting opinion was based, among other grounds, upon my conclusion that the controverting plea filed under Rule 86, Texas Rules of Civil Procedure, was fatally defective because it did not specifically refer to and adopt the allegations of plaintiff's petition, thereby alleging sufficient venue facts upon which the alleged cause of action was sought to be maintained in the county where the suit was filed.

In my opinion the controverting affidavit in the instant case is even more fatally defective. Here the only reference to the allegations of the petition is a statement:

"As is shown on the face of plaintiff's original petition, this suit is a civil penalty suit brought under the provisions of the oil and gas conservations laws of this State, and particularly pursuant to provisions contained in Art. 6036, V.C.S. * * *".

The affidavit was made by two Assistant Attorneys General representing the plaintiff State of Texas, who aver that "they are attorneys for plaintiff in the above entitled and numbered cause, and that the allegations, denials and facts set out in the foregoing controverting affidavit are true and correct."

To meet the requirements of Rule 86, T.R.C.P., it is necessary for the controverting plea to unmistakably allege that the party who swore to such plea made the petition a part thereof and thereby swore to the essential facts embodied in the entire petition. A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W.2d 619, 622. Since the controverting affidavit constitutes the sole pleadings of the plaintiff on the venue issue, it must allege all of the facts necessary to be proved to sustain venue in the court where the suit is filed. A. H. Belo Corp. v. Blanton, supra.

It is also the rule that where the controverting affidavit does not contain any language which might be construed to state a cause of action but merely refer to an exception to exclusive venue by pointing out a subdivision of Art. 1995, V.C.S. or does not refer to and adopt the allegations of the petition as a part of the affidavit, it is insufficient to sustain venue in the county in which the suit is filed as against the right of a defendant to have the cause transferred to the county of his residence under a properly filed plea of privilege. A. H. Belo Corp. v. Blanton, supra; Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347, 351; Eastland v. Whitman, Tex.Civ.App., 318 S.W.2d 447, N.W.H.; Crim v. Logan, Tex.Civ.App., 277 S.W.2d 298, N.W.H.

Here, the controverting affidavit does not even refer to an exception to exclusive venue by pointing out an applicable subdivision of Art. 1995, V.C.S., nor does it refer to and adopt the allegations of the State's petition. Even if the phrase "as is shown on the face of plaintiff's original petition" might be construed as a reference to the allegations contained therein, never-

theless the jurat does not state that the allegations contained in such petition are true and correct as was the case in Leonard v. Maxwell, supra.

Appellants properly objected to the sufficiency of the controverting affidavit by filing their motion to strike under Rule 90, T.R.C.P., which was overruled by the Trial Court. But appellee relied upon proof of venue by the introduction of the original petition in evidence at the hearing on the plea of privilege. Appellants properly objected to the introduction of the petition, which objections were overruled by the Trial Court. In my opinion, this was error. Where the controverting affidavit fails to make the petition a part thereof by adoption or reference, it must be tested by its own allegations *unaided by the petition.* Jefferies v. Dunklin, 131 Tex. 289, 155 S.W.2d 391, 393; Henderson Grain Co. v. Russ, supra.

After the defects in the controverting affidavit had been specifically called to the attention of the Trial Court by appellants in their motion to strike, the State did not attempt to amend its controverting affidavit by filing a new pleading under Rule 64 or by trial amendment as provided in Rule 66, T.R.C.P., but elected to stand upon the controverting affidavit as originally filed, presumably relying upon the assumption that since the Trial Court had overruled the motion to strike, the controverting plea met all of the requirements of Rule 86. In Nolte v. Saenz, Tex.Civ.App., 153 S.W.2d 281, N.W.H., the San Antonio Court of Civil Appeals held that where special exceptions to the controverting plea were overruled by the Trial Court, the opposing party had no right to presume that such pleadings complied with all of the legal requisites.

The majority opinion stresses the opinions in Perfecto Gas Co. v. State, 228 S.W. 2d 918, N.W.H.; Oil and Gas Products of Oil in Certain Pits in Gregg County v. State, 118 S.W.2d 618, N.W.H., by the Austin Court of Civil Appeals, and Heard v. State, 149 S.W.2d 237, N.W.H., by the Beaumont Court of Civil Appeals. In the Perfecto case the controverting affidavit adopted the plaintiff's petition by reference. In the Oil and Products of Oil case the controverting affidavit of the State adopted its original petition by copying it *verbatim* in the affidavit. In the Heard case the records of the Beaumont Court of Civil Appeals reveal that the State filed controverting affidavits to the pleas of privilege filed by all defendants, which controverting affidavits referred to and adopted the allegations of the State's petition.

Since the controverting plea was defective as a matter of law and the Trial Court having erred in permitting the introduction of the State's petition as evidence of facts sufficient to sustain venue in Travis County, Texas, it became the duty of the Trial Court to sustain the plea of privilege and transfer the cause to the residence of the respective defendants. Fair v. Mayfield Feed & Grain Co., Tex.Civ.App., 203 S.W. 2d 801, 804, N.W.H.; Eastland v. Whitman, supra.

In Buchanan v. Jean, 141 Tex. 401, 172 S.W.2d 688, where, although the controverting affidavit was defective, the defendant failed to point out the defects under the provisions of Rule 90, T.R.C.P., the Supreme Court reversed and remanded the cause to the Trial Court for trial of the issues on the merits *under properly drawn pleadings* of both parties. In the instant case, the defects in the controverting affidavit were properly called to the attention of the Trial Court by appellants' motion to strike, but the State elected to stand on its controverting affidavit without amendment. The factual circumstances in the instant case are dissimilar to those in Buchanan v. Jean.

I would reverse and remand the cause to the Trial Court with instruction to sustain appellants' pleas of privilege and transfer this cause to any of the District Courts of Gregg County, Texas, the residence of each of the appellants.