**HARRY CLOUD TRANSPORT, INC.,**
Appellant,

v.

**STATE of Texas, Appellee.**

No. 789.

Court of Civil Appeals of Texas,
Corpus Christi.

Oct. 11, 1973.

Rehearing Denied Nov. 8, 1973.

Ben D. Sudderth, Comanche, for appellant.

Rex H. White, Jr., Asst. Atty. Gen., John L. Hill, Atty Gen., Austin, for appellee.

OPINION

BISSETT, Justice.

This is a venue case. The State of Texas instituted suit in the District Court of Nueces County, Texas, against Harry Cloud Transport, Inc., and alleged that on certain occasions the defendant, under the guise or scheme of a buy-sell arrangement, transported property (milo grain) for compensation or hire between the incorporated cities of Agua Dulce, Texas, and Eagle Pass, Texas, upon the public highways of Texas, without an appropriate permit or certificate of public convenience and necessity from the Railroad Commission of Texas, in violation of Article 911b, Vernon's Ann.Civ.St. and of Article 1690b, Vernon's Ann.P.C., commonly called the Texas Motor Carrier Act. The State sought the enforcement of civil penalties and injunctive relief as provided by the Act.

The defendant filed its plea of privilege to be sued in Comanche County, Texas, the county of its residence and domicile. The State then filed its controverting plea which incorporated the allegations of its original petition by reference, and averred that the District Court of Nueces County had venue of the suit within the meaning of Subdivisions 9[1] and 30[2] of Article 1995, V.A.C.S. It was also alleged in the controverting plea that the defendant committed numerous violations of Article 911b, V.A.C.S., in Nueces County, and that the

District Court of that county had venue of the suit under the provisions of Article 1690b, V.A.P.C.

The venue question was heard by the trial court without a jury. Judgment was rendered that overruled defendant's plea of privilege. Appeal has been duly perfected to this Court. We reverse and render.

Article 911b, V.A.C.S., provides for the regulation of motor carriers by the Railroad Commission of the State of Texas. Section 3, in part, provides:

"No motor carrier shall, . . . operate as a common carrier without first having obtained from the Commission, under the provisions of this Act, a certificate of public convenience and necessity . . . ."

"Motor carrier" is defined as a person who operates a motor propelled vehicle used in transporting property for compensation or hire over any public highway in Texas, where in the course of such transportation a highway between two or more incorporated cities, towns, or villages is traversed.

Article 1690b, V.A.P.C., provides for penalties for the violation of the Motor Carrier Act. Section (b), in part, states:

" . . . Suit for such . . . penalties shall be instituted . . . in the county in which the violation occurs, . . . ."

Defendant contends that the trial court erred in overruling the plea of privilege because there is either no evidence, or insufficient evidence, that defendant violated Art. 911b, V.A.C.S., or Art. 1690b, V.A.P.C. The State asserts that the trial court correctly overruled the plea of privilege

1. "9. Crime or trespass.—A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed by the defendant, or by his agent or representative, or in the county where the defendant has his domicile. This subdivision shall not apply to any suit based upon negligence per se, negligence at common

law or any form of negligence, active or passive."

2. "30. Special venue.—Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

because: (1) the State established by legally sufficient evidence the necessary venue facts, and (2) Art. 1690b, V.A.P.C., describes the exclusive venue and jurisdiction of suits brought by the State of Texas for violations of the Texas Motor Carrier Act. The State did not brief or argue in this appeal that venue was sustained under Subdivision 9, Article 1995, V.A.C.S. Even had the State argued or briefed the aforesaid subdivision, no proof exists in this case that the defendant committed any crime, offense, or trespass in Nueces County, Texas. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91 (1935); Gann v. Murray, 151 Tex. 130, 246 S.W.2d 616 (1952).

■ Sections (b) and (c) of Article 1690b, V.A.P.C., are special venue statutes within the meaning of Subdivision 30, Article 1995. The plaintiff must prove the necessary venue facts when relying upon a special venue statute which is made a part of Subdivision 30 of the general venue statute. Universal Credit Co. v. Dunklin, 129 Tex. 324, 105 S.W.2d 867 (1937). In the case before us, it was incumbent upon the State to prove the following venue facts: (1) that the suit is brought under the Texas Motor Carrier Act; (2) that the District Court of Nueces County is a court of competent jurisdiction; (3) that Harry Cloud Transport, Inc. violated the provisions of the Act; and (4) that such violation(s) occurred in Nueces County, Texas.

■ In order to constitute a violation of Article 911b, V.A.C.S., it must be proved that the defendant, at the time in question, did not hold the required certificate or permit from the Railroad Commission of Texas; that such defendant actually transported property for compensation or hire over public highways between two or more incorporated cities, towns or villages; and that such alleged violations did in fact occur in the county of suit. State v. Huff, 491 S.W.2d 216 (Tex.Civ.App.—Amarillo 1973, n. w. h.).

■ It is a well settled rule that the court may not look to the petition for facts of venue. All such matters of fact must be proven by competent evidence upon a hearing on the plea of privilege, and the allegations in neither the petition nor the controverting affidavit can be considered as evidence of the truth thereof. Commercial Standard Ins. Co. v. Lowrie, 49 S.W. 2d 933 (Tex.Civ.App.—San Antonio 1932, writ ref'd).

In this case, it is fully established that the State brought suit under the Motor Carrier Act, and that such suit was filed in a court of competent jurisdiction. It was admitted by the defendant corporation that it did not hold a motor carrier certificate or permit from the Railroad Commission of Texas at the time in question that authorized the transportation of milo grain from Agua Dulce, Texas, to Eagle Pass, Texas. It was proved that the aforesaid towns were incorporated.

In attempting to prove the facts necessary to show the alleged violations by defendant in Nueces County, Texas, the State introduced in evidence (1) weight tickets from two grain companies in Agua Dulce, Texas, each of which stated that milo grain was weighed for "Harry Cloud" on a certain day; (2) checks made payable to those grain companies for certain sums of money, signed by one Judy McCullough against "Harry Cloud Special Account", each of which recited a ticket number that corresponded with the number on the aforesaid weight tickets; (3) a copy of certain information obtained by the State from Alta Verde Industries, Eagle Pass, Texas, that the State's witness said was "a summary and explanation of shipments received from Harry Cloud at the Alta Verde Industries", which was made by the witness in the course of his "investigation of the transportation activities of the Alta Verde Industries"; and (4) a certified copy of the Articles of Incorporation of Harry Cloud Transport, Inc. All of the aforesaid items of evidence, with the exception of the Articles of Incorporation, were admitted over defendant's objections. Neither the State's petition nor Exhibit A,

which was attached to and made a part thereof, was introduced in evidence at the hearing on the plea of privilege.

■■ While the trial judge could consider the allegations in the State's petition for the purpose of determining the nature of the action, he could not consider those allegations, or the allegations in the controverting affidavit, for the purpose of establishing the necessary venue facts in this case. All of the evidence adduced by the State identified "Harry Cloud" as being the motor carrier involved. There was no attempt to link "Harry Cloud" with the defendant, or to show that the actions of "Harry Cloud" were the actions of "Harry Cloud Transport, Inc.", or that they were one and the same person. There is no evidence that "Harry Cloud Transport, Inc.", at any time, transported any property for compensation or hire over any public highway in Texas. All that is proven is that "Harry Cloud" purchased two truckloads of milo grain from two grain companies in Agua Dulce, Texas, in September, 1971. Therefore, assuming, arguendo, that the "Harry Cloud", who is shown by the State's evidence to be the motor carrier, and the "Harry Cloud Transport, Inc.", who was named by the State as the defendant in the suit but who was not shown by the evidence to be the motor carrier in the case, are one and the same, there is still *no evidence that the defendant trans-*ported any commodity other than a commodity of which it was the bona fide owner. The Motor Carrier Act does not require a person to have a certificate or permit from the Railroad Commission to transport his own property over the public highways of this State. Article 1690b(j), V.A.P.C.; Mason Feed Store v. Starks, 398 S.W.2d 392 (Tex.Civ.App.—Austin 1966, writ dism'd); Whitman v. State, 165 Tex.Cr.R. 486, 308 S.W.2d 884 (1958).

Alternatively, the State contends that venue in this type of suit is determinable solely from the allegations of the petition. It relies on Harrington v. State, 363 S.W.

2d 321 (Tex.Civ.App.—Austin 1962, writ ref'd n. r. e.), and the other cases cited therein. We do not agree. Article 6036, V.A.C.S., also a special venue statute, was involved in the Harrington case; however that statute plainly provides that venue may be in the county where "the violation is alleged to have occurred." Oil and Products of ·Oil in Certain Pits in Gregg County v. State, 118 S.W.2d 618 (Tex.Civ.App.—Austin 1938, n. w. h.), and Heard v. State, 149 S.W.2d 237 (Tex.Civ.App.—Beaumont 1941, n. w. h.), are not in point because under Article 6066a, § 10(b), V.A.C.S., and Article 5450, V.A.C.S. (as it then existed), it was only necessary, for purposes of venue facts, to show the nature of the suit in order for venue to be maintained in Travis County. Perfecto Gas Co. v. State, 228 S.W.2d 918 (Tex.Civ.App.—Austin 1950, n. w. h.), is distinguishable because Article 7436, V.A.C.S., gave venue to any district court in which suit was filed.

The statute involved in the instant case is quite different from those in the cases relied upon by the State. Here, venue may be had in the county where the violations *occurred,* as opposed to the county where the violations are *alleged* to have occurred.

We hold there is no evidence that Harry Cloud Transport, Inc., defendant herein, transported any property for compensation or hire over public highways between two or more incorporated cities, towns and villages in this State. There is no evidence that the defendant violated any provision of the Motor Carrier Act in Nueces County, Texas. The State failed to meet its burden of proving the elements of the violation(s) of the Texas Motor Carrier Act and, therefore, did not establish its alleged cause of action against the defendant in order that venue may be held in Nueces County. Consequently, the State failed to prove the necessary venue facts to sustain venue in Nueces County, Texas, under either Subdivisions 9 or 30, Article 1995, V.A.C.S. Defendant's first point of error is sustained.

Accordingly, the judgment of the trial court overruling defendant's plea of privilege is reversed, and the cause is ordered transferred to the District Court of Comanche County, Texas.