**STATE of Texas, Petitioner,**

v.

**HARRY CLOUD TRANSPORT, INC., Respondent.**

**No. B–4343.**

Supreme Court of Texas.

Feb. 20, 1974.

Rehearing Denied March 13, 1974.

John L. Hill, Atty. Gen., Rex H. White, Jr., Asst. Atty. Gen., Austin, for petitioner.

Ben D. Sudderth and D. Keith Woodley, Comanche, for respondent.

PER CURIAM.

The State of Texas brought this suit in Nueces County, Texas, against Harry Cloud Transport, Inc., alleging violations of the Texas Motor Carrier Act. The trial court overruled defendant's plea of privilege to be sued in Comanche County, Texas, but the Court of Civil Appeals ordered the cause transferred. 500 S.W.2d 705.

Harry Cloud Transport, Inc., is a Texas corporation whose principal place of business is in Comanche County. On July 7, 1972, the State filed suit in the District Court of Nueces County alleging that Harry Cloud Transport, Inc., under a buy-sell arrangement, had transported milo grain for compensation or hire in Nueces County without an appropriate permit or certificate in violation of Article 911b, Vernon's Tex.Rev.Civ.Stat.Ann. The State sought civil penalties and injunctive relief as provided in Article 1690b, Vernon's Ann.P.C. Article 1690b provides in part:

> (b) . . . Suit for such . . . penalties shall be instituted and conducted . . . in the county in which the violation occurs. . . .

> (c) Upon the violation of any provision of this Act . . . any District Court of any county where such violation occurs shall have the power to restrain and enjoin the . . . corporation so offending . . . .

The Legislature in Article 1690b has fixed the venue of this suit in a county in which a violation occurs. Since no violation was alleged to have occurred in Comanche

County, the Court of Civil Appeals erred in transferring the cause there. Gambill v. Town of Ponder, 494 S.W.2d 808 (Tex. 1973); Harrington v. State of Texas, 363 S.W.2d 321 (Tex.Civ.App. 1963, writ ref'd n.r.e.). Accordingly, under the provisions of Rule 483, Texas Rules of Civil Procedure upon granting the application for writ of error and without hearing argument in the case, we reverse the judgment of the Court of Civil Appeals and affirm the judgment of the trial court.