Frank DOYLE, Appellant,

v.

W. C. GRADY et al., Appellees.

No. 8372.

Court of Civil Appeals of Texas, Texarkana.

Nov. 16, 1976.

Rehearing Denied Dec. 14, 1976.

Roger D. Sanders, Jarvis, Grisham & Sanders, Sherman, for appellant.

Robert C. Crouch, Morgan & Crouch, Greenville, W. Clark Williams, Jr., Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellees.

RAY, Justice.

This is a venue case. Frank Doyle, appellant (plaintiff) brought suit against W. C. Grady, Grady Chevrolet Company, and American States Insurance Company of Texas, appellees (defendants), seeking damages and attorney's fees under the Consumer Protection Act (Tex.Bus. & Comm.Code Ann., Sec. 17.41, et seq.). Trial was to the court and appellees' respective pleas of privilege were sustained. Appellant has perfected his appeal and submits eight points of error for our consideration.

Appellant's brief was received one day late by the Clerk of this Court. The postage meter registered a date (January 6, 1976) on the envelope in which the brief was transmitted, a date at least one day prior to the date that the appellant's brief was due to be filed in the Court of Civil Appeals. The problem was whether or not the postage from a postage meter affixed to the carrier envelope was a postmark affixed by the United States Postal Service specified in Tex.R.Civ.P. 5, making the postmark prima facie evidence of the date of mailing, or whether it was one affixed from a private postage meter at the office of the attorney which would not be prima facie evidence of the date of mailing.

There were no stamps attached to the envelope and therefore no cancellation of those stamps showing a postmark. Appellant has furnished this Court with an affidavit of C. R. Adams, an employee of the United States Postal Service at Sherman, Texas, in which Adams states that he processed the envelope and affixed the postage on the envelope from a postage meter registering a date of January 6, 1976. We deem the affidavit sufficient to establish that appellant's brief was timely mailed and have therefore ordered the brief filed. However, we reiterate the admonition pointed out in our previous opinion of *Gaskin v. Perritt*, 472 S.W.2d 211, 214 (Tex.Civ.App. Texarkana 1971, no writ), in which we stated that appellant's counsel should use diligence in timely filing the required instruments in perfecting his appeal.

Appellant Doyle instituted this suit to recover losses alleged to have resulted from the deceptive trade practices of the appellees. Appellant is a resident of Fannin County and is the owner of a pickup truck which was insured by Appellee American States Insurance Company of Texas, a Dallas County resident. The truck's wheel fell off, causing it to be damaged, and appellant contacted the agent who sold him the insurance policy, Gary Whitlock. Whitlock referred appellant to an adjuster who told appellant that Grady Chevrolet of Hunt County could make the necessary repairs. Appellee Grady Chevrolet was contacted by appellant and thereafter the pickup was towed to the Chevrolet repair garage in Hunt County. The evidence does not indicate whether or not Appellee Grady Chevrolet ever gave an estimate or stated what type of repair would be performed. The repairs performed were not to the appellant's satisfaction. He had a heated discussion with the mechanic on duty, and was told that no more work would be performed. Appellee insurance company tendered payment to the appellant for the repairs as performed, but appellant refused the tenders on three separate occasions.

Appellant brought suit in Fannin County under the Deceptive Trade Practices and

Consumer Protection Act, Chap. 17 of the Tex.Bus. & Comm.Code Ann. (Supp.1976–77). The venue section of the Act, Sec. 17.56, allows suit to be brought in any county in which the defendant is "doing business."

The trial court filed no findings of fact or conclusions of law in sustaining appellees' pleas of privilege. The trial court's judgment could be based either on a failure of the appellant to plead and prove a cause of action under the Consumer Protection Act, or on a failure of the appellant to show that the appellees were "doing business" in Fannin County, the county where suit was instituted.

Counsel for appellant contended at oral argument that the Consumer Protection Act required only that a cause of action be alleged under the Act and that appellant was only required to prove that appellees were doing business in Fannin County. The appellees answered that the appellant had to both plead and prove a prima facie cause of action.

■ The general rule favors the position of the appellees. Since the application of a venue exception depends upon the existence rather than on the allegation of venue facts, a plaintiff generally has the burden to establish those facts which make a prima facie case in his favor. 1 McDonald's, Texas Civil Practice, Sec. 455, p. 611 (1965); *Meredith v. McClendon*, 130 Tex. 527, 111 S.W.2d 1062 (1938).

■ The appellant cites cases, however, in which a mere allegation of a cause of action was held sufficient to support venue. *State v. Harry Cloud Transport, Inc.*, 505 S.W.2d 798 (Tex.1974), *Harrington v. State*, 363 S.W.2d 321 (Tex.Civ.App. Austin 1962, writ ref'd n.r.e.). These cases, like the instant case, did not deal with the general venue statute, Article 1995, Texas Revised Civil Statutes, but rather the application of special venue sections of other acts. Such special venue provisions are controlling over the general statute. *Gambill v. Town of Ponder*, 494 S.W.2d 808 (Tex.1973).

In the *Harry Cloud Transport* case, supra, the state sought civil penalties and injunctive relief for the violation of the motor carrier act, Article 911b, Texas Revised Civil Statutes Ann. (Supp.1976–77). Venue for an action for such penalties is fixed in the county in which the violation occurs. Tex. Rev.Civ.Stat.Ann. Art. 911b (Supp.1976–77). Allegation of the violation of the motor carrier act was held to be sufficient.

In *Harrington*, supra, the railroad commission sought penalties allegedly due the state for violation of oil and gas conservation laws. These laws extended venue for such an action to "the county in which the violation is alleged to have occurred . . . ." Tex.Rev.Civ.Stat.Ann. Art. 6036 (1962).

The appellees suggest that these cases are distinguishable on the grounds that they provide the "safeguard" of having the state as a plaintiff. The cases seem more fundamentally distinguishable on the plain language of the special venue provisions. The special venue provision now before this court is Section 17.56 of the Business and Commerce Code, which is as follows:

"An action brought under Section 17.50 or 17.51 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, or is doing business."

Venue is not fixed in any one county or extended to the county in which the violation is alleged to have occurred.

■ The general rule requiring a plaintiff to plead and prove a cause of action to support venue has been applied to special venue sections of particular statutes. *Flowers v. Dempsey-Tegeler & Co.*, 472 S.W.2d 112 (Tex.1971); *Universal Credit Co. v. Dunklin*, 129 Tex. 324, 105 S.W.2d 867 (1937). The rule will be so applied here.

The appellant's first amended original petition alleged that the appellees violated six specific sections of the Deceptive Trade Practices and Consumer Protection Act. Section 17.50 of the Act provides:

"(a) A consumer may maintain an action if he has been adversely affected by any of the following:

(1) the use or employment by any person of an act or practice declared to be unlawful by Section 17.46 of this subchapter;

(2) a failure by any person to comply with an express or implied warranty;

(3) any unconscionable action or course of action by any person; or

(4) the use or employment by any person of an act or practice in violation of Article 21.21, Texas Insurance Code, as amended, or rules or regulations issued by the State Board of Insurance under Article 21.21, Texas Insurance Code, as amended.

The subsections of Section 17.46 under which appellant purported to file his claim are as follows:

"(b) The term 'false, misleading, or deceptive acts or practices' includes, but is not limited to, the following acts:

. . . . .

(3) causing confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another;

. . . . .

(5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

(6) representing that goods are original or new if they are deteriorated, reconditioned, reclaimed, used, or secondhand;

(7) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

. . . . .

(12) representing that an agreement confers or involves rights, remedies, or obligations which it does not have

or involve, or which are prohibited by law;

. . . . .

The appellant also alleges that the appellee insurance company has violated unspecified provisions of Article 21.21 of the Texas Insurance Code. This last allegation was not relied upon in the appeal.

The appellant argues that the appellee insurance company falsely represented that the appellant was fully insured and that insurance would cover all damages; and that Appellee Grady Chevrolet falsely represented that the pickup truck would be and had been fully repaired.

The Consumer Protection Act states that its underlying purposes include the prevention of misleading and deceptive business practices, and that its terms should be liberally construed. Tex.Bus. & Comm.Code Ann., Sec. 17.44.

The appellees deny that a cause of action has been proven. The appellee insurance company asserts that the evidence indicates only that it received an estimate and offered to pay it. The evidence does not indicate from whom the estimate was received or who made the estimate. The Appellee, Grady Chevrolet, denies ever having made an estimate of damages or ever having made any representations to the appellant.

■ A plea of privilege proceeding is not different in procedure from those ordinarily followed in other cases. *Coker v. Audas, Inc.,* 385 S.W.2d 862 (Tex.Civ.App. Texarkana 1964, no writ). The judgment must stand unless the great weight and preponderance of the evidence favor the appellant on the factual issues in question. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

■ The factual picture presented in the statement of facts does not support the appellant's position. There is no evidence to indicate that an estimate of damages to the pickup was ever made by Appellee Grady Chevrolet, or that Grady Chevrolet agreed to perform any specific repairs for any spe-

cific price. There is no evidence to indicate that the appellees were working together, or that the insurance company did or could assure the quality of the motor company's work. The appellant had no success in demonstrating any type of false or misleading representations made to him by the appellees. The negotiations between the appellant and the appellees were not developed or demonstrated; the relationship between the appellees was not explored. The appellant has failed to demonstrate that the faulty or incomplete repair of his pickup truck was the result of deceptive business practices or unconscionable actions covered by the Consumer Protection Act. Appellant admitted that Appellee Grady Chevrolet offered in writing to do something about satisfying him if he would take his truck back to appellee but appellant did not take his vehicle back for further inspection or repairs.

Appellant's points of error 1, 2, 5 and 6 are overruled. Points of error 3, 4, 7 and 8 are not reached.

The judgment of the trial court is affirmed.