**ALL STAR VAN AND STORAGE and Fireman's Fund Insurance Companies, Appellants,**

v.

**ADMIRAL STORAGE AND VAN, INC., Armand O. La Marier and the Home Insurance Company, Appellees.**

No. 08–81–00291–CV.

Court of Appeals of Texas, El Paso.

Aug. 24, 1983.

Rehearing Denied Sept. 21, 1983.

Robert A. Skipworth, Ainsa, Skipworth, Zavaleta & Butterworth, El Paso, for appellants.

Dennis L. Richard, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, for appellees.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

The parties have resolved this case into a contest between two insurance companies. The principal question presented is the construction of a "moving van or truck- agent endorsement" in a policy of insurance. Based on stipulations and the policies of insurance involved, the trial court rendered a take nothing judgment under the Declaratory Judgment Act. We reverse and render.

All Star Van and Storage and Admiral Storage and Van, Inc. are both engaged in general moving and storage business. This cause of action arose out of an incident in which a truck owned by All Star and leased by Admiral did damage to a Border Patrol communication station. Admiral borrowed the truck and sent its driver, La Marier, to pick up two of its trucks which were disabled and to deliver some packing materials to the Border Patrol station inasmuch as Admiral was scheduled to do moving for the Border Patrol at a later date. The Admiral driver loaded the two disabled vehicles piggy-back on the borrowed truck and proceeded to the Border Patrol station at Marfa, Texas. He arrived there after dark and when he turned into the Border Patrol complex to make his delivery, the loaded trucks struck some overhead communication wires and caused them to short out. This resulted in damage of $12,387.29 to the communication equipment of the Border Patrol.

As owner of the truck involved, All Star had coverage under a policy issued by Fireman's Fund Insurance Companies. Admiral's insurance is with The Home Insurance Company. Fireman's Fund on behalf of its insured, All Star, paid the $12,387.29 loss to the Border Patrol and requested reimbursement from Admiral's insurer, The Home Insurance Company after it discovered that the truck involved was registered with the Railroad Commission as being under lease to Admiral. Admiral had a motor carrier's permit from the Texas Railroad Commission and All Star did not. So, the truck was leased by All Star to Admiral as a subterfuge to circumvent the fact that All Star did not possess a permit from the Texas Railroad Commission. All Star maintained possession of the vehicle, maintained insurance on it and operated it at all times with the exception of Admiral's borrowing it on this occasion. These matters were stipulated, and as indicated, the parties submitted the insurance coverage question to the court under the Declaratory Judgment Act. The question of whose insurance covers the loss is resolved by the construction of a "moving van or truck-agent endorsement" exclusionary clause in the policy of insurance issued by Fireman's Fund to All Star as owner of the truck. We have concluded that this clause excludes coverage; that results in the loss being covered by the excess insurance provision of the policy issued to Admiral by Home.

The Fireman's Fund policy issued to All Star provides coverage where the truck is operated by another with permission of the owner All Star. So there is coverage under that policy unless the moving van or truck-agent endorsement excludes coverage. The endorsement provides that except as to the named insured:

> [T]he insurance does not cover as an insured any person or organization, or any agent, employee or contractor thereof, who is required to carry liability insurance under any motor carrier law because of transporting property for the named insured or for others.

Appellants All Star and Fireman's Fund urge that this endorsement excluded coverage to Admiral and its driver because Admiral holds a common carrier permit from the Texas Railroad Commission and is required by Article 911b, sec. 13, Tex.Rev.Civ. Stat.Ann. to carry liability insurance. Appellees Admiral and Home urge the fact that Admiral was not transporting property

of the named insured Star or for others, but was only transporting property of its own is determinative of the endorsement's application. They argue that the last eleven words of the endorsement, "because of transporting property for the named insured or for others," makes the endorsement inapplicable because it is undisputed that Admiral was transporting only its own property on the occasion of the loss. Section 13 of Article 911b provides:

> Before any permit or certificate . . . may be issued to any motor carrier and before any motor carrier may lawfully operate under such permit . . . such motor carrier shall file . . . bonds and/or insurance policies . . . which bonds and insurance policies shall provide that the obligor therein will pay to the extent of the face amount of such insurance policies and bonds all judgments which may be recovered against the motor carrier . . . based on claims for loss or damages from personal injury or loss of, or injury to property occurring during the term of said bonds and policies and arising out of the actual operation of such motor carrier . . .

The provision of the policy appears to be subject to two constructions. First, it could apply to any motor carrier required to have liability insurance, or it could be given the construction that it is applicable to the type of transportation involved—the transporting of property of the named insured or others. A person does not have to have a Railroad Commission permit to transport his own property on the public highways of the state. *Harry Cloud Transport, Inc. v. State*, 500 S.W.2d 705 (Tex.Civ.App.—Corpus Christi 1973) rev'd on other grounds, 505 S.W.2d 798 (Tex.1974). The requirement that anyone qualifying as a motor carrier must carry liability insurance is for the protection of the public. The requirement is that such insurance must be acquired before the permit will issue. Obviously, the coverage does not go on and off depending on whose property is being transported. Those who transport the property of others on the highways of the state are required to have the insurance, and we construe the moving vans or truck-

agents endorsement to include them as a class. Fireman's Fund Insurance Company knew that motor carriers had to have liability insurance under Section 13 of Article 911b. It sought by this exclusion not to give them the additional coverage of an insured under its policy. Those it sought to exclude were described as persons required to carry liability insurance for the reason that they transported property for the named insured or for others. Under 911b, a motor carrier is one using the highways between incorporated cities "transporting property for compensation or hire"—the property of others.

The parties agree that there are no adjudicated cases by the courts of this state construing the insurance policy provision in question. In *Commercial Standard Ins. Co. v. McKissack*, 153 S.W.2d 997 (Tex.Civ.App.—Fort Worth 1941, writ ref'd) a different endorsement was construed, but it was in conjunction with Article 911b and that court employed much the same reasoning that this Court has. It said:

> In compliance with Section 13 of the act, the Railroad Commission required Cook to procure and file the policy of insurance here involved, as a condition precedent to the issuance of the permit. Appellant knew of this requirement and endorsed its policy to that effect. We do not believe its binding effect should be defeated by a technical grammatical construction of the coverage clause.

Under our holding, the driver of the Admiral truck was not covered by the policy of insurance issued to the truck's owner by Fireman's. Since there is no coverage under the Fireman's Fund policy, then the policy issued by The Home Insurance to Admiral comes into effect. It provides that as to hired automobiles its insurance shall be excess insurance over any and other valid insurance available to the insured. There being none other available, Home is responsible for the full loss.

The parties have stipulated that the insurance policies attached to the second amended petition of the plaintiff contain the relevant information necessary for a

decision in this cause. Under this Court's construction of the policies, it becomes necessary then to reverse the judgment of the trial court. Judgment is here rendered that the plaintiff, Fireman's Fund Insurance Companies, recover judgment against the defendant, The Home Insurance Company, in the amount of $12,387.29 together with all costs of suit.