IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-93-644-CV




MICHAEL YOW,



 APPELLANT


vs.





STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 491,074, HONORABLE VIRGIL MULANAX, JUDGE PRESIDING



 





PER CURIAM

 The trial court signed its final judgment in this cause August 5, 1993. The deadline
to file a timely motion for new trial was September 7, 1993. Tex. R. Civ. P. 329b(a). Appellant
filed an untimely motion for new trial September 20, 1993. Because the untimely motion for new
trial did not extend the deadline to perfect the appeal, the appeal bond was due thirty days from
the signing of the final judgment, September 7, 1993. Tex. R. App. P. 41(a)(1). Appellant
Michael Yow filed an appeal bond November 3, 1993. No motion for extension of time to file
the appeal bond was tendered. Tex. R. App. P. 41(a)(2).

 This Court notified the parties that the appeal would be dismissed for want of
jurisdiction unless any party desiring to continue the appeal tendered to this Court a response
showing grounds to continue the appeal. See Tex. R. App. P. 60(a)(2). In response, Yow filed
a motion to extend the time for filing the statement of facts and continue the appeal. The motion
to continue the appeal recites that the motion for new trial was mailed to the Travis County
District Clerk on September 1, 1993. Attached to the motion to continue the appeal is the
affidavit of a secretary who works in the office of Yow's counsel. The secretary's affidavit recites
that she mailed an original and a copy of the motion for new trial with the filing fee by first-class
mail, properly addressed and with proper postage to the Travis County District Clerk on
September 1, 1993. See Fellowship Missionary Baptist Church v. Sigel, 749 S.W.2d 186, 188
(Tex. App.--Dallas 1988, no writ) (if postmark is absent, then date of mailing can be established
by affidavit); Tex. R. App. P. 19(d); see also Doyle v. Grady, 543 S.W.2d 893, 894 (Tex. Civ.
App.--Texarkana 1976, no writ) (sustaining timeliness based on facts recited in affidavit).

 Even though the affidavit is prima facie evidence of the date the motion for new
trial was mailed, the motion was not timely received in the district court. A document (1) sent
to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed
and stamped and (2) deposited in the mail on or before the last day for filing the document, if
received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed
filed in time. Tex. R. Civ. P. 5. 

 In order to avail himself of Rule 5, Yow's motion for new trial had to have been
received by the trial-court clerk by September 17, 1993. There is no indication here that Yow's
motion for new trial was received by the clerk before the date of its filing; accordingly, we will
presume that it was received on the date filed, September 20, 1993. This was more than ten days
after it was due and, therefore, it cannot be deemed filed in time. Because the untimely motion
for new trial did not extend the deadline to perfect the appeal, the appeal bond was not timely
filed. The motion for extension of time to file the statement of facts and continue the appeal is
overruled. 

 The appeal is dismissed for want of jurisdiction. Tex. R. App. P. 60(a)(2).




Before Justices Powers, Jones and Kidd

Dismissed for Want of Jurisdiction

Filed: January 12, 1994

Do Not Publish