**JOC OIL AROMATICS, INC., Appellant,**

v.

**COMMERCIAL FUEL OIL COMPANY, INC., Appellee.**

**No. 17085.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 6, 1978.

Fulbright & Jaworski, Russell H. McMains, Houston, for appellant.

Simpson & Burwell, Charles M. Jordan, Texas City, for appellee.

COLEMAN, Chief Justice.

This is an appeal from an order denying a plea of privilege. It will be reversed.

Commercial alleged three theories for recovery: (1) breach of contract, (2) fraud and (3) deceptive trade practices. Commercial alleged a contract to supply Joc Oil with styrene tar. There was testimony that Joc Oil would delay for as much as a week in unloading Commercial's trailer; that Joc Oil went to the people supplying material to Commercial and contracted with them directly; and that Joc Oil hired Commercial's truck drivers. There is no testimony as to when this course of conduct began. However, Joc Oil alleged that the contract was entered into about July 10, 1975, and the course of conduct of which complaint is made began in the Spring of 1976.

Commercial is a resident of Galveston County, Texas. Joc Oil has its principal place of business in Harris County, Texas, but it does business in Galveston County, Texas. A witness for Commercial testified that the original contract was signed at the office of Joc Oil.

Commercial asserts that venue was properly retained in Galveston County under Subdivision 7 of Article 1995, providing that in all cases of fraud suit may be brought in the county where the fraud was committed. In order to overcome a plea of privilege by relying on the fraud exception, a party must plead and prove the constituent elements of fraud. *Morgan v. Box,* 449 S.W.2d 499 (Tex.Civ.App.—Dallas 1969, no writ). There is neither pleading nor proof that Joc Oil made representations to Commercial that were false at the time the representations were made.

Commercial alleged that Joc Oil falsely and fraudulently represented to plaintiff that the contract was to be carried out "to its full extent and spirit" that the defendant would carry on its operations in good faith; and that defendant would purchase

all of its styrene tar from the plaintiff. Commercial alleged that these representations were false and that Joc Oil breached its contract with Commercial and engaged in a course of conduct based upon a deliberate plan to avoid its contractual obligations and to sabotage plaintiff's business and business relationships with its suppliers. Commercial alleged reliance upon the representations and the resulting damage.

No testimony was offered concerning the negotiations leading to the contract. While there is testimony that a contract was signed, the document was not offered into evidence. There is nothing in the evidence to show that Joc Oil had the duty of unloading Commercial's trucks. There is no evidence to show the date on which the contract was to expire. A mere failure to perform an agreement does not constitute actual fraud establishing venue under Subdivision 7. *Underwood v. Williams,* 488 S.W.2d 515 (Tex.Civ.App.—Fort Worth 1972, no writ). The evidence fails to establish that fraud was committed by Joc Oil in Galveston County. Venue of this action cannot be held in Galveston County under Subdivision 7. *Underwood v. Williams,* supra.

The trial court also based its decision to overrule the plea of privilege on Section 23 of Article 1995, Vernon's Annotated Texas Statute. This section allows suits against a private corporation to be brought in the county in which the corporation's principal office is situated, or in the county in which the cause of action or part thereof arose, or in the county in which plaintiff resided at the time the cause of action or part thereof arose, provided the corporation has an agency or representative in such county.

The evidence establishes that the principal office of Joc Oil Aromatics, Inc. was located in Harris County, Texas. Commercial failed to prove the terms of the alleged contract. While there is evidence that Joc Oil conducted business operations in Galveston County, there is no testimony naming a person who might be a representative of the corporation residing in Galveston County. There is no testimony that the corporation or any of its employees maintained an office in Galveston County. There is no testimony that any person or corporation resident in Galveston County regularly conducted business in that county for Joc Oil or on behalf of Joc Oil. Venue cannot be maintained in Galveston County under Section 23 of Article 1995. *Milligan v. Southern Express, Inc.,* 151 Tex. 315, 250 S.W.2d 194 (1952); *Mid-Continent Life Insurance Company v. Huston,* 481 S.W.2d 943 (Tex.Civ.App.—Houston [1st Dist.] 1972, writ ref'd n. r. e.).

Commercial asserted in its petition in general language a cause of action against Joc Oil under Section 17.50, Tex.Bus. & Comm.Code. Section 17.56 of the Tex.Bus. & Comm.Code provides that an action brought under Section 17.50 may be commenced in the county in which the person against whom the suit is brought is doing business. The evidence establishes that Joc Oil Aromatics, Inc., is doing business in Galveston County. Section 17.50 of the Tex.Bus. & Comm.Code provides that a "consumer" may maintain an action if he has been adversely affected by any unconscionable action or course of action by any person. Section 17.45 of the Code defines "consumer" to mean an individual, partnership, or corporation who seeks or acquires by purchase or lease, any goods or services. "Services" is defined to mean work, labor, or service purchased or leased for use, for other than commercial or business use, including services furnished in connection with the sale or repair of goods.

The general rule requiring a plaintiff to plead and prove a cause of action to support venue is applicable to the venue provisions of the Deceptive Trade Practices Act. *Hudson and Hudson Relators v. Savage,* 545 S.W.2d 863 (Tex.Civ.App.—Tyler 1976, no writ); *Doyle v. Grady,* 543 S.W.2d 893 (Tex.Civ.App.—Texarkana 1976, no writ). The burden rests on Commercial to show the applicability of the Act and, thus, that it is a consumer who has been adversely affected by one of the acts listed in Section 17.50. *Russell v. Hartford Casualty Insurance Company,* 548 S.W.2d 737 (Tex. Civ.App.—Austin 1977, writ ref'd n. r. e.).

Commercial has failed to show that it has purchased goods from Joc Oil or that it has purchased services "for other than commercial or business use". Section 17.50 of the Code creates a cause of action for consumers as that term is defined in the Code. Commercial has failed to prove a cause of action under the Code and the venue provision of the Code is, therefore, inapplicable. Since Commercial has failed to show that it has a cause of action, the venue of which is expressly prescribed by statute, the exception to exclusive venue set out in Section 30 of Article 1995, Vernon's Annotated Civil Statutes, is also inapplicable. *Hudson and Hudson Relators v. Savage*, supra.

Commercial Fuel Oil Company, Inc., has failed to prove a cause of action against Joc Oil Aromatics, Inc. Therefore, it has failed to establish a basis for venue in Galveston County, Texas.

Accordingly, the judgment of the trial court is reversed and judgment is here rendered sustaining the plea of privilege of Joc Oil Aromatics, Inc. The cause is ordered transferred to a district court in Harris County, Texas.