HARTFORD CASUALTY INSURANCE COMPANY, Appellant,

v.

Fred L. CARROLL, Appellee.

No. 8175.

Court of Civil Appeals of Texas, Beaumont.

Oct. 26, 1978.

William Drew Perkins, Lufkin, for appellant.

Joe R. Smith, Woodville, Jimmy W. Nettles, Beaumont, for appellee.

CLAYTON, Justice.

Appellee, as plaintiff below, filed this suit against appellant, Hartford Casualty Insurance Company, seeking damages pursuant to a "lightning damage" provision of an insurance policy, and also damages under the provisions of The Texas Deceptive Trade Practices Act, *Tex.Bus. & Comm. Code Ann. § 17.41,* et seq. (Vernon Supp. 1978). Based upon a jury verdict, judgment was entered awarding appellee $2,735 for damages under the terms of the insurance policy and, pursuant to The Deceptive Trade Practices Act, treble damages in the sum of $15,705, and escalated attorney fees totaling $12,150. From this judgment appellant has perfected its appeal.

The appellee's cause of action for a deceptive trade practice act is based upon the allegations in his petition that "Plaintiff, at the special instance and request and direction of Defendant's agents . . . proceeded to have the damages to his water well and water system repaired or replaced . . . . and upon completion of said repairs, the Defendant, for no apparent reason, denied Plaintiff's right and just claim." Plaintiff then alleges "that Defendant engaged in false, misleading or deceptive acts or practices in its conduct with the Plaintiff as to the Defendant's representations aforementioned." Following this allegation, plaintiff then lists several acts about which he complains, all of which are acts enumerated under *Tex.Ins.Code Ann. art. 21.21–2* (Vernon Supp.1978). However, plaintiff concedes in his brief that this case was not tried or submitted to the jury under this provision of the Insurance Code.

There are no pleadings or proof of any misrepresentations made with reference to the issuance of the insurance policy. It is clear the cause of action for a deceptive trade practice act is predicated solely upon the testimony in the record concerning the agreement of appellant's agent to pay for appellee's expenses in repairing this water well.

The record discloses that appellant, on January 14, 1976, issued to appellee an insurance policy which, among other things, provided coverage for damages caused by lightning. It is contended by appellee that on May 31, 1976, his water well, located on his premises, was damaged by lightning. The witness who repaired the damages testified he was called by appellee, inspected the well on the following day, and within a matter of two or three days completed the drilling of a new well for appellee. He gave a statement of the expenses totaling $2,791.93 dated June 2, 1976, and testified that the work was completed "approximately two days before" the preparation of the statement. Appellee testified that he contacted appellant's agent with reference to this incident on June 2, 1976, and, according to appellee, the agent stated, "Fred [appellee], we have a lot of trouble around here like this" and "Get the well fixed and bring me the bill." Appellee later gave the bill

prepared by the repairman, and the agent said at that time, "This is too much or this is too high. I'll have to take the bills and send them in to the insurance company." The agent testified that the only statement he made to appellee was "lightning damage was covered and you'll need to determine what's wrong with your water well by having a water well man or electrician go by and see the well, determine what's wrong with it, and let me hear from you." Subsequently, appellee presented the bill to the agent; the same was submitted to the company who denied the claim on the basis there was no "definite proof that lightning was the cause of the well failure."

Based upon the above transactions, appellee filed this suit contending the same was in violation of The Texas Deceptive Trade Practices Act.

It is conceded by both parties that damage by lightning was insured by the policy written by appellant. The only transaction occurring between appellee and appellant's agent, upon which appellee based his cause of action for a deceptive trade practice act, was the conversation between the agent and appellee wherein the agent stated, "Get the well fixed and bring me the bill." His only contention is that the refusal to pay for the damages was a deceptive trade practice act within the meaning of The Texas Deceptive Trade Practices Act, *Tex. Bus. & Comm.Code Ann. § 17.41,* et seq. (Vernon Supp.1978). This is made clear by the testimony of appellee's attorney, wherein he testified, "This is a very unique point as far as an insurance case. These cases are filed normally on a straight contract basis, and there's no case law at this particular time on the consumer protection under a direct action against the insurance company on a breach of contract. . . ."

*Section 17.50* of The Texas Deceptive Trade Practices Act provides:

"(a) A consumer may maintain an action if he has been adversely affected by any of the following:
(1) the use or employment by any person of an act or practice declared to be unlawful by *Section 17.46* of this subchapter; . . ."

*Section 17.45* of the Act defines "consumer" as follows:

"(4) 'Consumer' means an individual, partnership, corporation, or governmental entity who seeks or acquires by purchase or lease, any goods or services."

Under the facts of this case, the agreement made by appellant's agent was not made or given as a result of appellee's seeking or acquiring by purchase or lease any goods or services. At the time the agent gave the statement made the basis of this cause of action, there was already in force and effect an insurance policy insuring against any damage caused by lightning. The agreement, even if construed as such, created by the agent's statement added nothing to the liability of the insurance company under the policy. The agreement to pay for the damages must be considered as separate and apart and completely independent from the obligations and liability arising from the insurance policy itself. In so considering such agreement, it is clear that appellee did not seek or acquire by purchase or lease any goods or services, and cannot be a "consumer" within the meaning of *Sec. 17.45* of The Deceptive Trade Practices Act, and does not have the right to maintain this action under the provisions of *Sec. 17.50* of such Act.

The trial court entered judgment for the sum of $2,735 based upon the damages found by the jury to be the "reasonable cost of repairs to such well and system," and that such damages were recoverable under the provisions of the insurance policy. This amount for damages was found by the jury in response to S.I. No. 2 which inquired of the jury, "What do you find from a preponderance of the evidence to be the reasonable cost of repairs to such well and system;" to which the jury answered, "$2,735.00." The point of error urged by appellant in connection with damages complains of the submission of damages in S.I. No. 9 which inquired of the jury with reference to damages for "mental anguish and cost of repairs." No point of error is specifically

directed to the submission S.I. No. 2. We, therefore, hold that the award of $2,735 for damages to the water well and system should be sustained, and the judgment for that amount should be affirmed.

The trial court entered judgment in the amount of $150 as reasonable attorney's fees "as heretofore awarded to plaintiff on Motion for Sanctions." No complaint has been made to this part of the judgment.

The judgment of the trial court in awarding damages and attorney fees under The Texas Deceptive Trade Practices Act is reversed, and we hereby render judgment that appellee take nothing as to his cause of action asserted under The Texas Deceptive Trade Practices Act. That part of the judgment awarding damages in the amount of $2,735 and $150 for attorney fees is affirmed.

■ Since we have affirmed the judgment in part and reversed in part, we tax the costs on appeal and in the court below equally against the parties. *Tex.R.Civ.P. 448; Coca Cola Bottling Co. v. Hobart,* 423 S.W.2d 118, 126 (Tex.Civ.App.—Houston [14th Dist.] 1967, writ ref'd n. r. e.); *Combined American Insurance Co. v. City of Hillsboro,* 421 S.W.2d 488, 491 (Tex.Civ.App. —Waco 1967, writ ref'd n. r. e.).

REVERSED and RENDERED in part and AFFIRMED in part.