**DAIRYLAND COUNTY MUTUAL INSURANCE COMPANY OF TEXAS, Appellant,**

v.

**Jeannie HARRISON, Appellee.**

**No. B1949.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 21, 1979.

James L. Barr, H. Bradford Morris, David E. Lueders, Houston, for appellant.

John Milutin, Harvill & Hardy, Houston, for appellee.

COULSON, Justice.

This is an appeal from the denial of a plea of privilege. Appellant Dairyland County Mutual Insurance Company of Texas is a Texas corporation headquartered in Austin, Travis County. Appellee, Jeannie Harrison, brought this action alleging, among other things, violations of the Deceptive Trade Practices-Consumer Protection Act, Tex.Bus. & Comm.Code Ann. § 17.50 (Supp. 1978) in Harris County. We affirm the action of the trial court.

Appellee's suit arose out of the following facts, as alleged in her pleadings. According to appellee's original petition, she purchased an automobile insurance policy issued by appellant through Spartan Insurance Agency, a named defendant but not a party to this appeal, on March 19, 1976. She alleges that this policy was purchased in order that an SR–22 form[1] would be filed for her son in Austin, pursuant to the Texas Motor Vehicles Safety Responsibility Act. Appellee alleges that such a form was properly filed and the policy was issued. Prior to the expiration of the one year policy appellee contacted Robert Miller, an agent with Spartan, and informed him that she was concerned that the policy would expire before she could renew it and therefore her son's form SR–22 would lapse and her son would lose his driver's license. She alleged that Robert Miller and other employees of Spartan assured her on several occasions that the SR–22 would not be allowed to lapse. She sent a check to Spartan, payable to appellant, on March 23, 1977, on the oral assurance by defendant Miller that the new liability policy would be issued and that the form SR–22 on file with the Texas Department of Public Safety would not lapse.

On April 4, 1977, however, appellant Dairyland cancelled the policy and the form SR–22 lapsed. As a result the Department of Public Safety suspended appellee's son's driver's license. Appellee filed suit against appellant Dairyland County Mutual Insurance Company of Texas, Gary Gibson, d.b.a. Spartan Insurance Agency, and Robert Miller based on alternative allegations of violation of the Deceptive Trade Practices-Consumer Protection Act, conversion, and breach of contract. Dairyland filed its plea of privilege to be sued in Travis County, the county of its principal place of business. After hearings to the court appellant's plea of privilege was overruled. This appeal followed.

Appellant's brief contains twenty-three points of error addressed to subdivisions 4, 5, 23, 27, 28, and 29a of Tex.Rev.Civ.Stat. Ann. art. 1995 (1964), as well as to section 17.56 of the Deceptive Trade Practices-Consumer Protection Act, Tex.Bus. & Comm. Code Ann. § 17.56 Supp. 1978). Appellee's brief relies only on section 17.56 of the Deceptive Trade Practices-Consumer Protection Act as the basis for maintaining venue in Harris County. As we find venue was properly sustained in Harris County under section 17.56, we need not consider appellant's other points of error.

Section 17.56 of the Deceptive Trade Practices-Consumer Protection Act is entitled "Venue" and provides:

> An action brought which alleges a claim to relief under Section 17.50 of this subchapter may be commenced in the county in which the person against whom suit is brought resides, has his principal place of business, or has done business. Tex.Bus. & Comm.Code Ann. § 17.56 (Supp. 1978).

■ Appellant contends first that appellee was required to both plead and prove

---

1. A form SR–22 is a form required by Texas Department of Public Safety—Safety Responsibility Regulation 201.13.00.004 § 6 promulgated under Tex.Rev.Civ.Stat.Ann. art. 6701h § 2(a) (1977). The regulation provides:

    Sec. 6. "Proof of financial responsibility" in the form of an insurance certificate issued by a liability insurance company shall be filed on form SR–22 prescribed by the Department. The names of all the parties covered and all the motor vehicles insured must appear on the form.

her cause of action under section 17.50 in order to sustain venue in Harris County. To support this contention it cites three cases: *Doyle v. Grady,* 543 S.W.2d 893, 895 (Tex.Civ.App.—Texarkana 1976, no writ; *Hudson and Hudson Realtors v. Savage,* 545 S.W.2d 863 (Tex.Civ.App.—Tyler 1976, no writ); and *Joc Oil Aromatics, Inc. v. Commercial Fuel Oil Inc.,* 564 S.W.2d 490, 492 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ). The first two cases, *Doyle v. Grady* and *Hudson and Hudson Realtors v. Savage,* were decided prior to the 1977 amendment of section 17.56. The original version of that section provided:

> An action brought under section 17.50 . . . of this subchapter may be commenced in the county in which the person against whom suit is brought resides, has his principal place of business, or is doing business. Tex.Laws Bus. & Comm.Code 1973, ch. 143 § 1 at 322.

We note that the 1977 amendment changed the first phrase of section 17.56 to read "[a]n action brought *which alleges a claim to relief* under Section 17.50 of this subchapter . . ." (emphasis added). This change was made after the *Doyle* and *Hudson* courts had required that a plaintiff plead and prove his cause of action under the Deceptive Trade Practices-Consumer Protection Act in order to defeat defendant's plea of privilege under section 17.56 of that act. Clearly the intent of the legislature in changing the wording of section 17.56 was to enable plaintiffs suing under the Deceptive Trade Practices-Consumer Protection Act to maintain venue in one of the counties specified in section 17.56 by alleging their causes of action, and not require them to prove their cases at the plea of privilege hearing and again at the trial on the merits of the cause. This is in line with the express purpose of the act as set out in section 17.44, "Construction and Application":

> This subchapter shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty and *to provide efficient and economical procedures to secure such protection* (emphasis added).

Tex.Bus. & Comm.Code Ann. § 17.44 (Supp. 1978).

It would be neither efficient nor economical to require the plaintiff consumer to present his case in full at a plea of privilege hearing to establish his right to maintain venue in the county of suit. We hold that under section 17.56 it is sufficient for the consumer plaintiff to allege a cause of action under section 17.50 in order to maintain venue in a county where the defendant resides, has his principal place of business, or has done business. The court can look to the pleadings to ascertain that the nature of the cause of action comes within the purview of section 17.50 of the Deceptive Trade Practices-Consumer Protection Act.

The case of *Joc Oil Aromatics, Inc. v. Commercial Fuel Oil Inc., supra,* was handed down on April 6, 1978, subsequent to the effective date of the amendment to section 17.56, which was May 23, 1977. The court in that case followed the decisions in *Hudson and Hudson, supra,* and *Doyle, supra,* in requiring that the plaintiff both plead and prove a cause of action to support venue under section 17.56. The opinion does not indicate the date on which that suit was filed nor does it refer to which version of section 17.56 is being applied. However, we note that the court's language in its discussion of that section refers to venue "in the county in which the person against whom the suit is brought *is* doing business", at 492. (emphasis added). We infer from this that the *Joc Oil* case was decided under the original and not under the amended version of Section 17.56, which now reads "*has done* business." (emphasis added). Therefore our decision is not in conflict with that of the *Joc Oil* court.

■ Appellee here filed her suit on July 11, 1977. The effective date of the amended version of section 17.56 was May 23, 1977. The rule of law is that venue of an action is controlled by the law in effect at the time of institution of the suit. *Temple*

*News Agency v. Want Ads of Waco,* 573 S.W.2d 269 (Tex.Civ.App.—Waco 1978, no writ); *Hanssard v. Ledbetter,* 561 S.W.2d 34 (Tex.Civ.App.—Waco 1978, no writ); *Cacanay Corp. v. Shepherd,* 336 S.W.2d 779 (Tex.Civ.App.—Houston, writ dism'd). This case falls under the present version of Section 17.56 and it is sufficient for appellee to have alleged a cause of action under section 17.50; she need not also prove her cause of action at the plea of privilege hearing.

▇ In accordance with our views expressed above, we examine the petition to determine whether appellee has alleged a cause of action under section 17.50 of the Deceptive Trade Practices-Consumer Protection Act. Section 17.50(a) provides:

(a) A consumer may maintain an action if he has been adversely affected by any of the following:

(1) the use or employment by any person of an act or practice declared to be unlawful by Section 17.46 of this subchapter;

(2) breach of an express or implied warranty;

(3) any unconscionable action or course of action by any person; or

(4) the use or employment by any person of an act or practice in violation of Article 21.21, Texas Insurance Code, as amended, or rules or regulations issued by the State Board of Insurance under Article 21.21, Texas Insurance Code, as amended.

Tex.Bus. & Comm.Code Ann. § 17.50(a) (Supp. 1978).

Appellee's petition alleges that her suit is brought under section 17.50 and that:

. . . the acts and practices of the Defendants were unconscionable and that they took advantage of Plaintiff's lack of knowledge, ability and experience to a grossly unfair degree and/or resulted in a gross disparity between the value received by your Plaintiff and the consideration paid to Defendants by your Plaintiff . . .

We hold that, for the purposes of maintaining venue under section 17.56, the alleged cause of action is sufficient under section 17.50(a)(3).

▇ Appellant contends, however, that appellee's cause of action does not comply with section 17.50 because appellee is not a "consumer" as defined in section 17.45(4). That section defines "consumer" to mean:

An individual . . . who seeks or acquires by purchase or lease, any goods or services. Tex.Bus. & Comm.Code Ann. § 17.45(4) (Supp. 1978).

Appellant argues that an insurance policy is neither "goods" as defined in section 17.-45(1) nor "services" as defined in section 17.45(2). We disagree. We hold that an insurance policy is covered by the definition of services as including ". . . services purchased or leased for use." Tex.Bus. & Comm.Code Ann. § 17.45(2) (Supp. 1978). Appellant cites no authority to support its contention that an insurance policy is not a service as defined under this act. Furthermore, section 17.50(a)(4) provides for the maintenance of an action by one who has been adversely affected by "the use or employment by any person of an act or practice in violation of Article 21.21, Texas Insurance Code . . .." We have examined Article 21.21 of the Texas Insurance Code, Tex.Ins.Code Ann. (Supp. 1978), and conclude that a person would in fact have to seek or acquire a policy of insurance in order to be adversely affected by the acts or practices defined therein to be unfair practices. We hold that insurance policies are included within the coverage of section 17.-50 of the Deceptive Trade Practices-Consumer Protection Act.

▇ Appellant next contends that appellee is precluded from maintaining venue under section 17.56 of the Deceptive Trade Practices-Consumer Protection Act because she did not allege subdivision 30 of article 1995, Tex.Rev.Civ.Stat.Ann. (1964) in her controverting affidavit.[2] To support this

---

**2.** Subdivision 30 of article 1995 provides: Special Venue—Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given.

argument appellant cites the cases of *Dahlstrom Corp. v. Asphalt Equipment Inc.,* 543 S.W.2d 183 (Tex.Civ.App.—El Paso 1976, writ dism'd) and *Cowan v. State,* 356 S.W.2d 170 (Tex.Civ.App.—Austin 1962, writ dism'd). Appellant's reliance on these cases is misplaced. Both stand for the proposition that if a special venue statute comes under the provisions of subdivision 30, article 1995, then a defendant's plea of privilege to be sued in the county of his residence could only be attacked by the plaintiff by timely filing of a controverting affidavit asserting his right to maintain venue under the special venue statute, and could not be attacked by a motion to quash, motion to strike or other means. Neither case required the plaintiff to specifically allege subdivision 30 of article 1995 in addition to alleging the special venue statute upon which he relies in his controverting affidavit. Here appellee properly filed a controverting affidavit alleging that venue was proper in Harris County under section 17.56 of the Deceptive Trade Practices-Consumer Protection Act. This was all that was necessary to properly attack appellant's plea of privilege.

 We find that appellee properly alleged a cause of action under section 17.50. Appellee must also, however, establish that appellant "resides, has his principal place of business, or has done business" in the county where suit was instituted. Tex.Bus. & Comm.Code Ann. § 17.56 (Supp. 1978). At the hearing on the plea of privilege appellee introduced into evidence page 1066 of the yellow pages for the Houston area, dated June of 1977. At the top of column 2 of that page is a heading in heavy black lettering listing "DAIRYLAND COUNTY MUTUAL INSURANCE COMPANY OF TEXAS". Centered under this heading is the word "AGENTS" followed by a list of nine insurance agencies, one or more of which have addresses within Harris County. For the purpose of determining venue under section 17. 56, this is sufficient to prove that appellant "has done business" in Harris County by advertising for the purpose of soliciting business in Harris County.

Appellee properly complied with section 17.56, Tex.Bus. & Comm.Code Ann. (Supp. 1978), Deceptive Trade Practices-Consumer Protection Act by alleging a cause of action under section 17.50 of that act and establishing that appellant has done business in Harris County.

We affirm the trial court in overruling appellant's plea of privilege.

Affirmed.