**UNITED PLASTICS, COMPANY,**
**Appellant,**

v.

**Carl DYES, Appellee.**

No. 1252.

Court of Civil Appeals of Texas, Tyler.

Oct. 11, 1979.

858

Grover Russell, Jr., Fairchild, Price & Russell, Center, for appellant.

Gregg Owens, Nacogdoches, for appellee.

McKAY, Justice.

This is a venue case in which appellee brought suit in Nacogdoches County against Moore Supply Company of Nacogdoches County, and against appellant which maintains its main office in Houston, Harris County, with its agent for service at same location. Appellee is a resident of Nacogdoches County.

Appellee alleged that he sustained damages as a result of the failure of plastic pipe which appellee had purchased from Moore Supply Company. This pipe was alleged to have been manufactured by appellant. Appellee alleged causes of action under the Texas Deceptive Trade Practices-Consumer Protection Act, Sec. 17.41 et seq., Texas Business and Commerce Code, DTPA, and breach of express and implied warranties. In addition appellee has alleged alternative pleas of negligence and strict liability. Appellant filed his plea of privilege to be sued in Harris County, and after hearing, the plea of privilege was overruled resulting in this appeal.

Appellee testified that he was a resident of Nacogdoches County and engaged in the business of contracting pipelaying and the care of a number of rural water supply systems; that he bought some pipe from Moore Supply Company to use for a water system in a subdivision and later found the pipe to be defective because it failed to hold water; that the pipe was delivered to the job by an employee of Moore Supply Company. The invoice from Moore Supply Company for the sale of the pipe was admitted into evidence.

Appellee further testified that the pipe, with the exception of 1,000 feet, was used at the job site. Samples from the unused pipe were offered and admitted into evidence. He further testified that the pipe was marked "United, 3 inch" with other letters and numbers and markings on the pipe and that these were samples of the same pipe unloaded at the job site. In further testimony, appellee stated that the pipe failed some four to six inches behind the bell-shaped end of the pipe and that this was the only area where the leaks occurred and that CanTex and Jet Stream solvents were used to fasten the pipe sections together and that about two miles of the pipe obtained from Moore Supply Company was installed in the subdivision and that no other pipe was installed in that area.

The only other witness who testified was Millard Thomas Moore, who resided in Nacogdoches County and was branch manager of Moore Supply Company. He testified that Moore Supply Company had had an office in Nacogdoches since 1957 and had done business in the county since that time and that the invoice from Moore Supply Company was for 3-inch and 2-inch PVC bell-end pipe delivered to the job site on a carrier other than a Moore Supply Company truck. He further said that in 1976 he had dealings with Stan Roberts who was a manufacturer's representative for several products bought by Moore Supply Company and that the pipe had been ordered from Stan Roberts and Associates by giving the order to Mr. Gary Roberts with Stan Roberts and Associates, but that he did not request United Plastics pipe or a particular brand.

He further said that he was led to believe that the pipe was from United Plastics Company because it was the brand represented by Stan Roberts and Associates; that Moore Supply Company handled other brands of pipe; that he could not say whether or not the name "United" was embossed on the pipe made by United Plastics Company but that pipe manufacturers normally identified their pipe with some type of markings. He further said to his knowledge Moore Supply Company did no business with any other company who used the word "United" in their name and that he did not notice it on any other brand.

Plaintiff brings points of error maintaining that appellee failed to plead and prove a cause of action against the resident defendant, Moore Supply Company, as required by Subdivision 4 of Article 1995, Tex.Rev.Civ. Stat.;[1] that appellee failed to plead and prove a cause of action based on negligence against appellant as required by Subdivision 9a, Article 1995; that appellee failed to plead and prove an agency or representative of the appellant in Nacogdoches at the time appellee's cause of action arose as required by Subdivision 23; that appellee failed to plead and prove a cause of action under the Texas Deceptive Trade Practices-Consumer Protection Act, Section 17.41 et seq., Texas Business and Commerce Code, as required under Section 17.56 of said Act; and that there is no evidence or insufficient evidence to support the implied finding that appellant was the manufacturer of the pipe alleged to be defective as required by Subdivision 31, Article 1995.

Appellee maintains that he presented sufficient evidence to meet the requirements of Section 17.56, DTPA, in that he claims relief under Section 17.50 of the Act, and that the record shows that appellant has done business in Nacogdoches County. Appellee also contends that there is sufficient evidence to meet the requirements of Subdivision 31 of Article 1995.

Section 17.45 of D.T.P.A. defines *consumer* as "an individual, partnership, corporation or governmental entity who seeks or acquires by purchase or lease any goods or services."

Section 17.46 provides "(b) The term 'false, misleading, or deceptive acts or practices' includes, but is not limited to, the following acts: . . . (5) representing that goods . . . have . . . characteristics, ingredients, uses . . . which they do not have . . . ; (7) representing that goods or services are of a particular standard, quality or grade . . . if they are of another."

Section 17.50 provides that "a consumer may maintain an action if he has been adversely affected by . . . breach of an express or implied warranty . . . ."

Section 17.56 reads as follows: "An action brought *which alleges a claim to relief under Section 17.50* of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, or *has done business*." [Emphasis added]

The record reveals that the trial court had ample evidence to conclude that appellant had done business in Nacogdoches County. However, appellee made no proof of his cause of action. Appellant contends that appellee must not only plead a cause of action but must also prove such cause. As a general rule a resident defendant has a right to be sued in the county of his domicile except in specifically enumerated exceptions, and ordinarily when the venue is challenged with a proper plea of privilege, the plaintiff has the burden of pleading and providing the facts necessary to bring his case within one of the exceptions. *Burtis v. Butler Brothers*, 148 Tex. 543, 226 S.W.2d 825, 828 (1950). The question then presented is whether the language of Section 17.56 should be interpreted that proof of a cause of action is not necessary since the language of that section says "which alleges a claim to relief under 17.50."

---

1. All reference to statutory articles are to Texas Revised Civil Statutes unless otherwise indicated.

There are two cases which dealt with the question of proof of a cause of action before the 1977 amendment. They are *Doyle v. Grady*, 543 S.W.2d 893 (Tex.Civ.App.-Texarkana 1976, no writ), and *Hudson & Hudson Realtors v. Savage*, 545 S.W.2d 863 (Tex. Civ.App.-Tyler 1976, no writ). Both of these cases held that under the venue provisions of DTPA the plaintiff must follow the general rule and both plead and prove a cause of action to support venue. *Joc Oil Aromatics, Inc. v. Commercial Fuel Oil Co.*, 564 S.W.2d 490 (Tex.Civ.App.-Houston [1st Dist.] 1978), cites and follows *Doyle* and *Hudson*, and apparently was also concerned with 17.56 before the 1977 amendment.

Appellant strongly urges that the amendment to 17.56 in 1977 did not eliminate the burden of appellee to both plead and prove his cause of action before venue may be maintained in Nacogdoches County.

Section 17.56, as passed in the Legislature's regular session, 1973, read as follows:

"An action brought under Section 17.50 or 17.51 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, or is doing business."

It is noted that the words "which alleges a claim to relief" were inserted, and "has done" was substituted for "is doing" by the 1977 amendment. By the insertion of the words "which alleges a claim to relief" was the requirement to prove a cause of action eliminated? Appellee cites 29 Baylor Law Review p. 525 et seq. in which there is a critique by Gaddy Wells of the DTPA as amended in 1977. At p. 539 the author states:

"The new amendments have significantly relaxed the venue requirements for suits brought under the DTPA. Now a consumer need only *allege* sufficient facts to establish a cause of action under the DTPA to sustain venue in one of the designated counties. This amendment was made to change the result of two civil appeals court decisions which construed the previous language of the Act to require that a consumer establish a

prima facie case by a preponderance of the evidence in order to sustain venue in the designated counties. The purpose of the amendment was to eliminate the need to prove a cause of action under the DTPA twice—once in the plea of privilege hearing and once in the trial of the case on the merits."

The two cases to which the writer referred were *Doyle v. Grady*, supra, and *Hudson & Hudson Realtors v. Savage*, supra.

Appellee also quotes in his brief a dialogue apparently between two State Senators in which one expresses his view that the 1977 amendment to Section 17.56 eliminates the requirement for the plaintiff to prove a cause of action. The brief does not give the source of the quoted dialogue.

Since the effective date of the 1977 amendment to Section 17.56, two cases have decided the point in question. They are *Dairyland County Mutual Insurance Company of Texas v. Harrison*, 578 S.W.2d 186, 189 (Tex.Civ.App.-Houston [14th Dist.] 1979, no writ), and *Compu-Center, Inc. v. Compubill, Inc.*, 580 S.W.2d 88, 89 (Tex.Civ. App.—Houston [1st Dist.] 1979, no writ). In each of these cases the court held that the plaintiff was not required to both plead and prove a cause of action, but was required only to allege a claim for relief under Section 17.50.

■ We hold that appellee here was not required to prove his case under Section 17.56, but he could maintain venue in Nacogdoches County by alleging a claim for relief under Section 17.50. Appellee was required, however, to prove appellant resided, had his principal place of business, or had done business in the county where the suit was filed. *Pettit v. England*, 583 S.W.2d 875, 876 (Tex.Civ.App.-Dallas 1979, no writ). We have concluded that appellee made such proof.

We do not reach the question whether appellee has met the requirements of subdivision 31, Article 1995, nor do we reach appellee's cross-point.

Judgment of the trial court is affirmed.