Larry BARTHLOW, Individually and d/b/a Larry Barthlow Auto Sales et al., Appellants,

v.

Jim METCALF, Appellee.

No. 17542.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 20, 1979.

Rehearing Denied Jan. 17, 1980.

Garrett, Settle & Callaway, Thomas Mastin, Fort Worth, for appellants.

Lawrence, Thornton, Payne & Watson, C. J. Kling, Bryan, for appellee.

WALLACE, Justice.

This is an appeal from an order overruling the Plea of Privilege of Barthlow in a suit under the Deceptive Trade Practices Act, Tex.Bus. & Comm.Code Ann., Sec. 17.-41, et seq. arising from the purchase by Metcalf of a used automobile. The controlling issue is whether Metcalf was a "consumer" as defined by the Act. We affirm.

Metcalf's original petition alleged that (1) he was a consumer within the meaning of the Act; (2) he purchased a used automobile from Gallery Datsun, Inc., an automobile dealer in Bryan, Texas, to whom Barthlow had sold the automobile; (3) at the time of purchase the odometer showed 45,475 miles when, in fact, the mileage was much higher; (4) this was a misrepresentation of a particular characteristic of the automobile; (5) Barthlow turned back the odometer; and, (6) he was damaged as a result of Barthlow violating the Act.

Barthlow contends that one cannot be a consumer under the Act unless there is privity between the plaintiff and the defendant. Section 17.45(4) of the Act defines "Consumer" as one who "seeks or acquires . . . goods or services." Section 17.44 provides that, "This subchapter shall be liberally construed and applied . . . to protect consumers against false, misleading, and deceptive practices, . . . and to provide effectual and economical procedures to secure such protection." We do not find any legislative intent to make privity between the parties a requirement for suit under this Act. If the legislature had so intended they could easily have included that requirement in the Act, and in view of their not doing so, we decline to add a requirement which we find to be contrary to the purpose of the Act as set out in § 17.44, quoted above.

Barthlow cites *Hi-Line Electric Company v. Travelers Insurance Companies*, 587 S.W.2d 488 (Tex.Civ.App.—Dallas 1979, ref. n. r. e.) as authority for his position. The court in that case said, "Appellee contends that a consumer must seek or acquire goods or services from the person he is suing." We agree. This, standing alone, would support Barthlow's position. However the court continued, "Although the plaintiff and defendant need not be in privity or in a contractual relationship, a consumer must seek or acquire goods or services *furnished* by defendant." (emphasis added) In this case Barthlow furnished the goods purchased by Metcalf, although he furnished them to Metcalf's vendor rather than directly to Metcalf. Further, the misrepresentations alleged by Metcalf were made in connection with a sale, i. e., the sale of the automobile to Metcalf's vendor. *Hi-Line Electric, supra*, thus supports the judgment of the trial court, not Barthlow's position.

The venue section of the act, section 17.-56, provides that "An action brought which *alleges* a claim to relief under Section 17.50 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, or has done business." (emphasis added)

Metcalf alleged a cause of action under the Act as contemplated by Section 17.56. *Compu-Center, Inc. v. Compubill, Inc.*, 580 S.W.2d 88 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ); *Dairyland County Mutual Insurance Company v. Harrison*, 578 S.W.2d 186 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ).

At the venue hearing Metcalf produced evidence that he was a citizen of Brazos County, had purchased the automobile in Brazos County and that Barthlow had conducted some 49 transactions in Brazos County involving the purchase or sale of used automobiles. He thus made a prima facie showing that Barthlow had done business in Brazos County.

The trial court was correct in sustaining venue under Section 17.56 of the Deceptive Trade Practices Act, so it is not necessary to discuss appellant's points of error concerning Article 1995, V.A.T.S.

COLEMAN, C. J., and DOYLE, J., also sitting.