RANGER COUNTY MUTUAL INSUR-
ANCE COMPANY, Appellant,

v.

John Wesley GUINN and Billy Wayne
Peden, Appellees.

No. 1300.

Court of Civil Appeals of Texas,
Tyler.

Oct. 9, 1980.

Rehearing Denied Dec. 11, 1980.

Paul E. White, Ralph Zelesky, Zeleskey, Cornelius, Rogers, Hallmark & Hicks, Lufkin, for appellant.

Richard Grainger, Grainger & Price, Tyler, for appellees.

McKAY, Justice.

This is a venue case.

On March 7, 1975, defendant Ranger County Mutual Insurance Company issued a policy of automobile bodily injury and property damage liability to the plaintiff Billy Wayne Peden.[1] The maximum liability under the policy was $10,000.00 for bodily injury for each person and $10,000.00 property damage. On February 23, 1976, while the policy was still in effect, plaintiff John Wesley Guinn was operating a dump truck owned by Peden and collided with a winch truck owned by Eagle Trucking Company and operated by Robert G. Fitch. Subsequently, Robert Fitch and Eagle Trucking filed actions against the plaintiffs seeking damages of approximately $289,000.00. On May 19, 1978, judgment was entered in favor of Fitch & Eagle Trucking against the plaintiffs in the sum of $263,232.35. In *Eagle Trucking Co. v. Texas Bitulithic Co.*, 590 S.W.2d 200 (Tex.Civ.App.—Tyler 1979, writ granted), this court reversed and remanded the judgment of the trial court in favor of Fitch & Eagle Trucking. On April 2, 1980, the Supreme Court of Texas granted a writ of error.

On November 11, 1978, the plaintiffs instituted an action in the district court of Rusk County, Texas, alleging that a policy of insurance issued by the defendant was in full force and effect on the date of the accident; that Eagle Trucking Co. and Robert Fitch offered to settle all their claims against plaintiffs for the amount of the limits of the insurance policy; that the defendant breached its duty to act fairly and in good faith by failing to settle the case within the policy limits and thereby exposed plaintiffs to liability greatly in excess of the policy limits; that defendant failed to inform the plaintiffs that settlement offers had been made; that defendant breached its implied warranty of good faith and fair dealing; that defendant violated Section 17.46(b)(12) of the Deceptive Trade Practices–Consumer Protection Act (hereinafter Act); that defendant represented to plaintiffs that it was not necessary to hire a

1. Plaintiff John Wesley Guinn is an omnibus    insured under the policy.

lawyer, which representation was false, misleading and deceptive; that, in refusing to settle the case, the defendant was guilty of an unconscionable action or course of action and took advantage of the lack of knowledge, ability and experience of the plaintiffs to a grossly unfair degree; and that plaintiffs were entitled to recover treble damages and attorney's fees under Section 17.50 of the Act. The defendant filed a plea of privilege to be sued in Harris County, Texas, and after hearing, the trial court overruled the plea. The defendant duly perfected this appeal bringing one point of error which complains that the trial court erred in overruling its plea of privilege because appellees failed to allege a claim to relief under Section 17.50 of the Act.

Section 17.56 is the venue provision of the Act which states:

> An action brought which alleges a claim to relief under Section 17.50 of this subchapter may be commenced in the county in which the person against whom suit is brought resides, has his principal place of business, or has done business.[2]

Under this section it has been held that a plaintiff is required only to allege a claim to relief under the Act to maintain venue in the county of his residence. *Legal Security Life Ins. Co. v. Trevino*, 594 S.W.2d 481, 484 (Tex.Civ.App.—San Antonio 1979, writ ref'd, n. r. e.); *Barthlow v. Metcalf*, 594 S.W.2d 143, 145 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ dism'd.); *United Plastics Co. v. Dyes*, 588 S.W.2d 857, 860 (Tex. Civ.App.—Tyler 1979, no writ); *Moore v. White*, 587 S.W.2d 549, 550 (Tex.Civ.App.—

Dallas 1979 no writ); *Dairyland County Mutual Ins. Co. of Texas v. Harrison*, 578 S.W.2d 186, 189 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ). Thus the determinative issue in this appeal is whether the nature of appellees' cause of action comes within the purview of the Act. See *Legal Security Life Ins. Co. v. Trevino*, supra; *Dairyland County Mutual Ins. Co. of Texas v. Harrison*, supra.

Appellant's first contention is that appellees have not alleged a claim to relief under section 17.50 of the Act because appellees are not "consumers" as defined by section 17.45(4)[3]. Appellant argues that the Act only protects a consumer from deceptive trade practices committed at the time of the initial sale, purchase or lease as distinguished from any subsequent actions or events not made the basis of the original bargain. Accordingly, since appellees did not allege a deceptive act at the time of and arising out of the issuance of the policy, but rather have relied upon actions which occurred subsequent to the issuance of the policy, they cannot be "consumers" and thus cannot allege a claim to relief under the Act. To support this position, appellant relies upon *Royal Globe Insurance Co. v. Bar Consultants, Inc.*, 577 S.W.2d 688 (Tex. 1979), *Lone Star Life Insurance Co. v. Griffin*, 574 S.W.2d 576 (Tex.Civ.App.—Beaumont 1978, writ ref'd n. r. e.) and *Hartford Casualty Ins. Co. v. Carroll*, 575 S.W.2d 578 (Tex.Civ.App.—Beaumont 1978, no writ). We do not agree with appellant's contention.

---

2. The original version of this section which was amended in 1977 provided that "[a]n action brought under section 17.50 . . . of this subchapter may be commenced in the county in which the person against whom suit is brought resides, has his principal place of business, or is doing business." In *Doyle v. Grady*, 543 S.W.2d 893 (Tex.Civ.App.—Texarkana 1976, no writ) and *Hudson & Hudson Relators v. Savage*, 545 S.W.2d 863 (Tex.Civ.App.—Tyler 1976, no writ) it was held under this provision that the plaintiff must both plead and prove a cause of action to maintain venue. The intent of the legislature in changing the language of section 17.56 was to enable plaintiffs suing

under the Act to maintain venue in one of the counties specified in section 17.56 by alleging only their causes of action and not requiring them to prove their cases at the plea of privilege hearing and again at the trial on the merits. See *Dairyland County Mutual Ins. Co. of Texas v. Harrison*, 578 S.W.2d 186 (Tex.Civ. App.—Houston [14th Dist.] 1979, no writ).

A 1979 amendment changed the wording of 17.56 again.

3. Section 17.45(4) defines a "consumer" as "an individual, partnership, corporation, or governmental entity who seeks or acquires by purchase or lease, any goods or services."

Initially, we note that it has been held that an insurance policy is covered by the definition of services under section 17.45(2) of the Act, and thus a purchaser thereof is a "consumer" who may maintain an action under the Act. See *Dairyland County Mutual Ins. Co. of Texas v. Harrison*, supra at 190. Moreover, it is our view that the cases upon which appellant relies are not controlling here. In *Royal Globe Insurance Co. v. Bar Consultants*, supra, the Supreme Court held that representations made by a recording agent of the insurance company after the loss had occurred were not deceptive trade practices because the agent had no authority to make the representations and because there was no evidence that the plaintiff was "injured" or "adversely affected" by the post loss representations or that such representations caused the plaintiff any actual damages. Id. at 695. Similarly, in *Lone Star Life Insurance Co. v. Griffin*, supra, the court of civil appeals held that an insurance company's repudiation of the policy did not violate the Act because the breach did not cause the plaintiff any damage. The court reasoned as follows:

> This breach did not terminate defendant's obligations nor did it extinguish any of plaintiff's rights to be paid. He did not sustain any damage because of the action of the defendant. He still possessed the same contractual rights after defendant's breach as he had before and such rights were legally enforceable in a court of law. Defendant's breach authorized plaintiff to institute and maintain a suit to enforce his contractual rights and to recover the penalty, interest and attorney's fees provided in the Insurance Code. 574 S.W.2d at 580.

Also, in *Hartford Casualty Insurance Co. v. Carroll*, supra, the court of civil appeals held that an agreement between the insurer and the plaintiff was not the result of the plaintiff's seeking or acquiring by purchase or lease any goods or services and added nothing to the liability of the insurance company. Therefore, the plaintiff could not be a "consumer" under the Act.

In the case at bar it is clear under the allegations that the actions and representations of the appellant caused appellees to suffer actual damages by their alleged refusal to settle within the policy limits, i. e. the rendition of a judgment against appellees far in excess of the policy limits. Importantly, appellees have expressly alleged representations made by appellant at the time of the issuance of the insurance policy which assert a claim to relief under the Act.[4] We further note the aforementioned cases concern the merits of actions brought under the Act as opposed to an evaluation of the allegations necessary to sustain venue in the plaintiff's county of residence. In sum, it is our view that appellees have pled sufficient allegations to show they are "consumers" under the Act.

Appellant next argues that appellees have not alleged a claim to relief under the Act because they have not alleged that a false, misleading, or deceptive act or any breach of express or implied warranty occurred at the time of the issuance of the policy. Again, as heretofore noted, appellees have expressly pled deceptive acts or representations which appellant made to induce appellees to purchase the insurance policy.

Moreover, it is our view that nothing is contained in the Act which would indicate the legislature intended such a restrictive application. On the contrary, the Act is remedial, broad in scope and application, and expressly provides that the Act shall be liberally construed to protect consumers from false, misleading and deceptive business practices.[5]

---

4. Paragraph 13 of Plaintiff's Second Amended Original Petition states in relevant part ... "such representation (false, misleading or deceptive practice) was known by the Defendant to be material and false and was made with intent of reliance on the part of the Plaintiffs and to induce them to purchase the policy from Defendant."

5. Section 17.44 of the Act provides: "This subchapter shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty and to provide efficient and economical procedures to secure such protection."

Finally, in response to appellee's allegations that appellant violated Section 17.-50(a)(4) of the Act,[6] appellant argues that as a matter of law it cannot be in violation of this section because Article 17.22 of the Insurance Code excludes mutual insurance companies from the operation of Article 21.21. We find it unnecessary to decide this question because it is our view that appellees have properly alleged a cause of action under other provisions of the Act. Appellees' petition has alleged various misrepresentations and actions on the part of appellant which are claimed to constitute violations of the Act; in fact, appellees have alleged violations of specific sections of the Act and have sought to bring their entire cause of action under the Act.

We note that section 17.56 additionally requires that the appellee must establish that appellant "resides, has his principal place of business or has done business" in the county where the suit was instituted. See *United Plastics Co. v. Dyes, supra* at 860; *Pettit v. England*, 583 S.W.2d 875, 876 (Tex.Civ.App.—Dallas 1979, no writ); *Dairyland County Mutual Insurance Co. v. Harrison, supra* at 191. Appellant has admitted to having done business in Rusk County, Texas, and thus, appellee has satisfied this requirement.

In sum, we hold that appellees have properly complied with section 17.56 of the Act by alleging a cause of action under section 17.50 and by establishing that appellant has done business in Rusk County, Texas.

The judgment of the trial court in overruling appellant's plea of privilege is affirmed.

---

6. Section 17.50(a)(4) provides that "[a] consumer may maintain an action where any of the following constitute a producing cause of actual damages ... (4) the use or employment by any person of an act or practice in violation of Article 21.21, Texas Insurance Code, as amended, or rules or regulations issued by the State Board of Insurance under Article 21.21, Texas Insurance Code, as amended."