T. P. WALSH COMPANY et al., Appellants,

v.

William C. MANNING et al., Appellees.

No. 1324.

Court of Civil Appeals of Texas, Tyler.

Nov. 26, 1980.

Taylor Moore, Browne & Moore, Houston, for appellants.

Don G. Smith, Donald A. Ray, Mabank, for appellees.

MOORE, Justice.

This is an appeal from an order overruling the plea of privilege of Tom Walsh and T. P. Walsh Company, appellants.

This suit arose out of a written contract between appellants and appellee William C. Manning, Donald A. Ray and Hughla Beets, wherein appellants agreed to construct a computerized title plant from the deed records of Henderson County, Texas, which was to be used by appellees in operating a title insurance business located in Hender-

son County. The contract provided that appellees were to supply appellants, at their Houston, Texas, office, with microfilm copies of the necessary records from Henderson County and that from the microfilm copies appellants would compile and construct a title plant facility consisting of a set of microfishe. The appellees brought suit against appellants in Henderson County on January 11, 1979, alleging a violation of the Deceptive Trade Practices Act, Article 17.-50, fraud and negligence. The causes of action were based upon an alleged misrepresentation made by appellants at the time of the delivery of the title plant to appellees in Henderson County that the title plant was completed and ready for use. In response to the suit, appellants filed a plea of privilege to be sued in the county of their residence, Harris County. Appellees duly controverted the plea alleging that venue was proper in Henderson County pursuant to section 17.56 of the Texas Deceptive Trade Practices Act. Further the appellees plead facts in order to sustain venue in Henderson County pursuant to subdivisions 7, 9a, and 23 of Article 1995, Tex.Rev.Civ. Stat.Ann. After a hearing, the trial court overruled the plea of privilege, from which appellants have perfected this appeal. No findings of fact or conclusions of law have been filed.

We affirm.

The appellants maintain that there was no evidence to support appellees' allegation that appellants misrepresented that the plant was complete and that such misrepresentation was a violation of the Texas Deceptive Trade Practices Act. Appellants further allege that there was no evidence to support the allegation in the controverting affidavit that appellants had done business in Henderson County. We are not in accord with these contentions.

■ Venue for an action under the Deceptive Trade-Consumer Protection Act is provided for in Section 17.56, Tex.Bus. & Comm.Code Ann. At the time the suit was filed [1] Section 17.56 provided:

1. This action was filed prior to the effective date of the 1979 amendments and thus, this cause is controlled by the 1977 version, as

quoted above. 1979 Tex.Gen.Laws, ch. 603, § 9 at 1332.

An action brought which alleges a claim for relief under Section 17.50 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, or has done business. Where the basis of venue is predicated on the allegation that the defendant had done business in the county, our courts have interpreted this special venue statute to mean that the plaintiff is required only to allege a cause of action under the act and prove that the defendant has done business in the county of suit. *Dairyland County Mutual Ins. Co. of Texas v. Harrison*, 578 S.W.2d 186 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ); *Moore v. White*, 587 S.W.2d 549 (Tex.Civ.App.—Dallas 1979, no writ); *Barthlow v. Metcalf*, 594 S.W.2d 143 (Tex. Civ.App.—Houston [1st Dist.] 1979, writ dism'd).

■ The record reveals that Mr. Walsh had made several trips to Henderson County in connection with the negotiation and performance of the contract in question, including examining the deed records of Henderson County in order to set his fee for the project, negotiating the terms of the contract in Henderson County, making a special trip to the county to discuss and work out certain problems concerning the contract and delivering the final product to appellees in Henderson County. We conclude that this uncontroverted evidence is sufficient to establish that appellants had done business in Henderson County. *Moore v. White*, supra; *Dairyland County Mutual Ins. Co. of Texas v. Harrison*, supra.

Since it is not necessary that appellees prove a cause of action under the act, appel-

lants' point of error urging that there was no evidence to support the allegations that appellant falsely represented that the plant was complete and that such misrepresentation constituted a violation of the act is without merit. *Dairyland County Mutual Ins. Co. of Texas v. Harrison*, supra.

■ We are not in accord with appellants contention that the controverting affidavit was defective in that it failed to allege sufficient facts to establish a cause of action under the Deceptive Trade Practices Act.

In their second amended petition, which was incorporated into the controverting affidavit, appellees allege:

That Defendant's actions are in violation of the Texas Deceptive Trade Practice Act Sections 17.46(a) V.A.T.C.S. and 17.50(2) and (3) Business and Commerce Code in that:

1. Defendant falsly [sic] led Plaintiff's [sic] to believe that he had satisfactorily completed a title plant for them in accordance with the contract mentioned herein when in fact, he had not.

2. Defendant deceived Plaintiffs in delivering said title plant to Plaintiff's [sic] in an unusuable state as described herein and representing to Plaintiffs that the plant was complete and ready for use.

3. Defendant took advantage of Plaintiff's lack of knowledge as to the mechanics of title plant construction.

In our view, the foregoing allegations were sufficient to assert a cause of action under Section 17.50 of the Act[2] and thus, satisfy the requisite of Section 17.56 for

---

2. The Act, as it existed at the time this suit was instituted, provided:

Section 17.50

(a) A consumer may maintain an action if he has been adversely affected by any of the following:

(1) the use or employment by any person of an act or practice declared to be unlawful by Section 17.46 of this subchapter;

(2) breach of an express or implied warranty;

(3) any unconscionable action or course of action by any person; or

(4) the use or employment by any person of an act or practice in violation of Article 21.21, Texas Insurance Code, as amended, or rules or regulations issued by the State Board of Insurance under Article 21.21, Texas Insurance Code, as amended.

Section 17.46(a)

False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

maintaining the suit in Henderson County. *Dairyland County Mutual Ins. Co. of Texas v. Harrison,* supra.

Appellants' remaining points of error attack the sufficiency of the controverting affidavit and proof to sustain venue in Henderson County pursuant to Sections 7, 9a, and 23 of Article 1995, Tex.Rev.Civ.Stat. Ann. Inasmuch as we have held that the trial court did not err in holding that venue was properly laid in Henderson County pursuant to Section 17.56 of the Deceptive Trade-Consumer Protection Act, we do not reach these points.

The judgment of the trial court is affirmed.