**Charles McCRANN, Appellant,**

v.

**Tomas & Iriss KLANECKEY, Appellees.**

**No. 13–82–340–CV.**

Court of Appeals of Texas, Corpus Christi.

March 15, 1984.

Paul Dodson, Corpus Christi, for appellant.

Virgil Howard, Corpus Christi, for appellees.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

YOUNG, Justice.

Appellees brought this suit against appellant, an insurance agent, alleging violations of the Deceptive Trade Practices Act (DTPA), TEX.BUS. & COM.CODE ANN. § 17.50(a) (Vernon Supp.1982–83). After a trial without a jury, the trial court found that appellees were entitled to recover treble damages plus attorney's fees. Appellant contends on appeal (1) that appellees were not "consumers" under the DTPA and (2) that the evidence was insufficient to support the judgment. We affirm.

It is undisputed that appellees purchased automobile insurance through appellant from Forrest Allen Insurance Company. In October of 1979, appellees were notified that appellant was no longer associated with Forrest Allen, and that they would therefore need to contact appellant about a renewal, after the policy expired in December of 1979. Appellees testified that they repeatedly telephoned appellant regarding the renewal, and that appellant advised them that he would take care of the matter. One of the appellees was involved in a minor auto collision on August 2, 1980. Appellees were not insured. Appellant denied having any contact with appellees between December of 1979 and August 2, 1980. The trial court filed findings of fact in which he found that appellant represented to appellees "that he provided them with continued automobile liability coverage when he, in fact, had not."

We will first consider appellant's challenge to the sufficiency of the evidence to support the judgment. In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well established test set forth in *Glover v. Texas General Indemnity Company*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Allied Finance Company v. Garza*, 626 S.W.2d 120 (Tex. Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.); CALVERT, *No Evidence and Insufficient Evidence Points of Error*, 38 Tex.L.Rev. 361 (1960).

■ Appellant challenges the findings of fact made by the trial court that (1) after appellees "contacted" appellant in October and December of 1979, appellant assured appellees that they were covered by insurance, that he had paid a small premium for them, and that they would be billed for the insurance later; and that (2) appellant represented to appellees "that he provided

them with continued automobile liability coverage when he, in fact, had not."

In arguing his "sufficiency" question, appellant also contends that the verdict is "against the great weight and preponderance of the evidence." We note however, that in determining whether there was any evidence of probative force to sustain the trial court's findings of fact, this Court must consider only the evidence favorable to the finding and the judgment rendered thereon, and disregard all evidence to the contrary. The judgment of the trial court will not be set aside if there is any probative evidence to support it, and this Court may not substitute its findings of fact for those of the trial court if there is any evidence in the record to sustain the trial court's findings. *Stedman v. Georgetown Savings and Loan Association,* 595 S.W.2d 486 (Tex.1979); *Ray v. Farmers' State Bank of Hart,* 576 S.W.2d 607 (Tex. 1979).

In his brief appellant concedes that "[i]f only the evidence put on by [appellees] is credited, there is some evidence to support the verdict." The record reflects that appellees adduced testimony which, if believed, constituted some evidence in support of the trial court's findings. We therefore are constrained to find the evidence sufficient to support the judgment of the trial court.

■ In his other point of error appellant contends that appellees were not "consumers" under the DTPA because they did not seek to purchase "goods or services"; rather, they sought only to purchase insurance, which is an intangible property. Most courts addressing similar issues have found that an insurance policy *is* covered by the definition of "services" under the DTPA, and that a purchaser of insurance is thus a "consumer" who may maintain an action under the DTPA. TEX.BUS. & COM. CODE ANN. § 17.45(2), (4) (Vernon Supp. 1982–83); *Ranger County Mutual Insurance Company v. Guinn,* 608 S.W.2d 730 (Tex.Civ.App.—Tyler 1980, writ dism'd); *McNeill v. McDavid Insurance Agency,* 594 S.W.2d 198 (Tex.Civ.App.—Fort Worth 1980, no writ); *Dairyland County Mutual*

*Insurance Company of Texas v. Harrison,* 578 S.W.2d 186 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ).

The statutory language of the DTPA clearly provides that a person who merely *seeks* to purchase or lease goods or services attains the requisite "consumer" status. TEX.BUS. & COM.CODE ANN. § 17.45(4) (Vernon Supp.1982–83). The actual purchase or lease transaction does not have to be consummated in order to invoke the provisions of the Act, although the transaction must contemplate a purchase or lease. *White v. Southwestern Bell Telephone Company, Inc.,* 651 S.W.2d 260 (Tex.1983); *Ridco, Inc. v. Sexton,* 623 S.W.2d 792 (Tex. App.—Fort Worth 1981, no writ).

Appellant argues that the "correct statement of the law is found in" the cases of *Alvarez v. Westchester Fire Insurance Company,* 562 S.W.2d 263 (Tex.Civ.App.— San Antonio 1978) *rev'd on other grounds* 576 S.W.2d 771 (Tex.1978) and *Hartford Casualty Insurance Company v. Carroll,* 575 S.W.2d 578 (Tex.Civ.App.—Beaumont 1978, no writ).

However, in the *Hartford* case, the Court noted that the issue before them was "completely independent from the obligations and liability arising from the insurance policy itself"; there was *already* an insurance policy in existence, and the disputed liability, arising from an agent's statement to the insured after damage occurred, added nothing to the liability of the insurance company under the policy. Thus, the insured was not a "consumer" under the facts of that case.

In the *Alvarez* case, the Court reversed and remanded a summary judgment against the plaintiff because the motion therefor allegedly failed to comply with Rule 166-A(c), TEX.R.CIV.P. The Court noted in passing that Section 17.50 of the DTPA did "not apply to the sale of insurance policies or the claims thereunder." We decline to follow this dicta.

■ Section 17.45(4) of the DTPA defines a "consumer" as, among other things, an individual who seeks or acquires,

by purchase or lease, any goods or services. In line with the authorities cited, we hold that "services" include the purchase of insurance policies. Appellees sought to purchase services from appellant, and appellant's misrepresentations concerning these services formed the basis of appellees' complaint. Appellees have established the requisite "consumer" status under the DTPA. *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535 (Tex.1981). Both of appellant's points of error are overruled.

The judgment of the trial court is AFFIRMED.